AUGUSTUS R. GRIFFIN, as Receiver, etc., Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

In an action brought by plaintiff, as receiver of an insolvent railroad corporation, to recover for the use of certain of its rolling stock, the complaint alleged the appointment of plaintiff as receiver in sequestration proceedings by petition and motion under the Revised Statutes, also, his appointment in an action of foreclosure. The defendant claimed the general appointment to be invalid, as such an appointment could only be made in an action (Code of Civ. Pro., §§ 1784, 1810), and that as receiver in the foreclosure suit plaintiff acquired no right to the cause of action, which accrued prior to his appointment. It appeared that a prior action was brought by plaintiff for trespass committed by defendant, upon the property of the corporation, before either of plaintiff's appointments, the complaint in which action contained the same averments as to plaintiff's appointments, and wherein it was decided that both were valid. *Held*, that the former judgment was a bar to the defense; *also*, that the effect of such judgment as a bar was not changed by the fact that its amount was too small to entitle defendant to appeal to this court from a judgment of the General Term affirming the same.

(Argued April 23, 1886; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 9, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought by plaintiff, as receiver of the Southern Hempstead Branch Railroad Company, to recover the value

of the use by defendant of certain property of said railroad corporation.

The complaint alleged plaintiff's appointment as general receiver in sequestration proceedings by petition and motion under the Revised Statutes, also his appointment as receiver in an action for foreclosure of a mortgage executed by said company. Plaintiff proved the use, prior to his appointment by defendant, with the consent of said company, of certain passenger cars belonging to it. The defense claimed plaintiff's appointment in the sequestration proceedings to be invalid, as such an appointment could only be made in and by action under the Code of Civil Procedure, and that plaintiff as receiver appointed in the foreclosure suit had no title to the cause of action and no right to bring the action. It appeared upon the trial that plaintiff also brought another action in the Supreme Court against defendant for trespasses alleged to have been committed by it upon the property of the insolvent corporation prior to either of his appointments. The complaint in that action set forth said appointments precisely as in the complaint in this action. These averments were put in issue by the answer, and the court found that plaintiff " was duly appointed general receiver," and also duly appointed receiver in the foreclosure suit, and that as receiver he was entitled to recover. The amount of the recovery was $188.30. That judgment was on appeal affirmed by the General Term.

Further facts appear in the opinion.

*Edward E. Sprague* for appellant. The plaintiff cannot recover as receiver in foreclosure, except for the period subsequent to his appointment. (*Dean* v. *Biggs*, 25 Hun, 122 ; affirmed, 93 N. Y. 622.) The objection to the validity of the order of sequestration could not have been raised by pleading. (*Zabriskie* v. *Smith*, 13 N. Y. 322 ; *Straus* v. *Tradesmen's Bank*, 36 Hun, 453.) The defendant is not estopped from disputing the validity of the order in sequestration by the prior judgment. (*Zoeller* v. *Riley*, 100 N. Y. 102, *Remington Paper Co.* v. *O'Dougherty*, 81 id. 474 ; *Woodgate* v. *Fleet*, 44 id. 11 ; *People* v. *Johnson*, 38 id. 63 ; *Campbell* v. *Consalus*, 25 id.

613 ; *Sweet* v. *Tuttle*, 14 id. 465 ; *Palmer* v. *Hussey*, 87 id. 303 ; *Manning* v. *Monaghan*, 23 id. 539 ; *Van Pelt* v. *McGraw*, 4 id. 110 ; *In re Flushing Avenue*, 98 id. 445.) The order appointing plaintiff receiver in sequestration was void. (Code of Civ. Pro., §§ 1784, 1810; *Clinch* v. *S. S. R. R. Co.*, 1 Hun, 636 ; *McKinney* v. *Collins*, 88 N. Y. 216 ; *McCulloch* v. *Norwood*, 58 id. 562.) The order of sequestration being void, is subject to collateral attack. (*Chemung* v. *Judson*, 8 N. Y. 254 ; *Risley* v. *Phœnix Bk.*, 83 id. 318 ; *Wright* v. *Nostrand*, 94 id. 31.)

*H. E. Sickels* for respondent. Defendant is estopped in this action from questioning the legality of plaintiff's appointment as general receiver ; the whole subject is *res adjudicata* between these parties by reason of the judgment in action number 2. (*Clemens* v. *Clemens*, 37 N. Y. 74 ; 85 id. 436 ; 79 id. 634 ; 58 id. 76 ; 60 id. 276 ; 3 Comst. 522 ; *Sheldon* v. *Edwards*, 55 N. Y. 237 ; 51 How. 241 ; 22 Wall. 46 ; 3 Denio, 244 ; 91 U. S. 533 ; *Pray* v. *Hegaman*, 98 N. Y. 351 ; 46 id. 496 ; 9 Wend. 287 ; 77 N. Y. 76.) As general receiver under the sequestration order plaintiff can recover, because the Hempstead Branch road has never appealed from it, but has acquiesced in it, and its regularity cannot be attacked collaterally, the order having been granted by a court of competent jurisdiction. (*Bangs* v. *Duckenfield*, 18 N. Y. 592 ; 74 id. 46 ; 48 id. 41 ; *Potter* v. *Merch. Bk. of Albany*, 28 id. 641 ; 1 Hill, 154 ; 17 Wend. 483.) The stipulation that defendant and its receiver used the property of the Southern Hempstead Branch railroad by and with the consent and agreement of that company, establishes the relation of landlord and tenant between them, and creates an implied contract or agreement on the part of defendant to pay a reasonable sum for such use and occupation. (59 N. Y. 647 ; 69 id. 118 ; *Rider* v. *Union Rub. Co.*, 28 id. 379 ; *Turner* v. *Jones*, 1 Lans. 147 ; Hill. on Torts, 44 ; *Gilchrist* v. *Comfort*, 26 How. 394.) The court was right in allowing plaintiff to recover in this action the value of the use and occupation of the cars up to the time he demanded their possession. (*Johnson* v. *Meeks*, 96 N. Y 93.)

MILLER, J. It is very clear, we think, that the defendant is estopped from raising the question in this action as to the legality of the appointment of the plaintiff as general receiver. The whole subject was presented in a previous action between the same parties and is *res adjudicata.* In the action referred to the appointment of plaintiff as general receiver was alleged in the complaint and denied by defendant's answer in precisely the same language as in this action, and the same issue was framed and tried in that case as in the one now presented. It was found by the court in that case that the plaintiff was legally appointed receiver. The judgment based upon the findings in that case was a complete determination of the question now raised, and it is not the subject of review upon this appeal.

The rule is well settled that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have decided as incident to or essentially connected with the subject-matter of the litigation within the purview of the original action, either as matter of claim or of defense. (*Pray v. Hegeman,* 98 N.Y. 351 ; *Jordan* v. *Van Epps,* 85 id. 427, 436 ; *Smith* v. *Smith,* 79 id. 634 ; *Clemens* v. *Clemens,* 37 id. 59, 74.)

To ascertain what might have been determined in the former action, it is proper to look, beyond what appears on the face of the judgment, to every allegation, which, having been made on one side and denied on the other, was at issue and determined in the course of the proceedings. (*Clemens* v. *Clemens, supra.*) The findings and the judgment must generally show what was determined and they are conclusive on the subject.

In regard to the case now considered the legality of the plaintiff's appointment was expressly raised by the pleadings, litigated on the trial and determined by the court in a former action. Whether it was rightly or wrongly determined is a question that cannot be raised in this action. Even if the decision was wrong it does not impair the effect of the former

judgment as a bar to the right to raise the same question, nor does it change the effect of the judgment because the amount recovered was not sufficient to entitle the plaintiff to appeal, as a matter of right, from the General Term to this court. It might as well be urged that the opposite party would not be bound when the right of appeal existed and the party failed to make the appeal. This rule would be more especially applicable here, as it does not appear that any application was made to the General Term to allow the defendant to appeal, and it, therefore, cannot be said that the defendant might not have obtained the permission to do so had he made an application for that purpose in due season.

Nor can it be said in this case that the question decided in the former action was immaterial to the issue, as it is apparent that the right of the plaintiff to maintain the action depended upon the legality of his appointment as receiver. The claim of the appellant's counsel, that the determination of the validity of plaintiff's appointment in sequestration was not necessarily involved in the former action, is not well founded. Although the justice found that the plaintiff was duly appointed receiver in the foreclosure case, he had previously found that prior to the commencement of that action he was appointed receiver in the sequestration proceedings ; that the former action was for trespass upon property of the insolvent corporation committed prior to either of plaintiff's appointments as receiver. It was not a cause of action that accrued to him as receiver in the foreclosure proceedings, and he could only maintain the action by virtue of his general appointment. That action, therefore, depended in part at least upon the finding as to the validity of the general appointment, and it cannot be rejected as not necessary to sustain the judgment. There is, therefore, no ground for claiming that it rested entirely on the finding of the appointment of a receiver in the foreclosure proceedings.

The judgment was right and should be affirmed.

All concur.

Judgment affirmed.