(1 App. Div. 598.)

## FOULKE v. THALMESSINGER.

(Supreme Court, Appellate Division, First Department.   February 21, 1896.)

1. PLEADING AND PROOF—JUDGMENT.
    A judgment need not be pleaded, in order to make it competent evidence of a fact which was thereby determined.
2. RES JUDICATA—STATUTE OF FRAUDS—FAILURE TO PLEAD.
    A judgment in favor of plaintiff in an action on a contract which, by its terms, was not to be performed within a year, is conclusive between the parties as to the validity of the contract, though the statute of frauds was not pleaded.   Van Brunt, P. J., dissenting.

Action by Theodore B. Foulke against Eugene Thalmessinger to recover damages for the violation of a contract by defendant, in having discharged plaintiff from his employ before the expiration of his term.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

The complaint alleged that on or about the 25th day of April, 1890, the defendant employed the plaintiff; that said employment was to commence June 16, 1890, and was to continue for one year, at the agreed compensation of $2,000 per year; that the plaintiff continued to act under such employment until January 1, 1891, at which time the defendant terminated the contract of employment, without fault or negligence on the part of the plaintiff, by discharging him from such employment; and that plaintiff had sustained damage by reason of such breach of contract in the sum of $916.67, for which amount he sought to recover damages.   The answer contained a general denial, and then set up as a defense that the agreement alleged in the complaint, by its terms, was not to be performed within one year of the making thereof, and that neither the contract, nor any note or memorandum thereof, was ever in writing, or subscribed by the defendant, who was sought to be charged therewith. It was agreed at the opening of the trial that if a judgment recovered by the plaintiff against the defendant in a prior action between them was not res judicata upon the question of the statute of frauds, alleged in this case, then the statute of frauds was a perfect defense to this action.   Thereupon the plaintiff offered in evidence such prior judgment roll.   The evidence was objected to on the ground that it was immaterial, irrelevant, and incompetent, and, it was urged that, if it was in any way binding in this case, it should have been pleaded affirmatively by the plaintiff.   The court overruled the objection, and the defendant excepted.   It appeared from this judgment roll that the prior action was brought to recover for services rendered by the plaintiff under the employment of defendant.   The complaint alleged that about April 25, 1890, the defendant employed the plaintiff; that said employment commenced on the 6th day of June, 1890, and continued until the 1st day of January, 1891, and was at the agreed compensation or rate of $2,000 per year; that he had been paid on account of such employment $500, leaving a balance due him of 583.33, which was owing, and for which judgment was demanded.   The answer admitted that $500 had been paid by the defendant to the plaintiff, and denied all the other allegations of the complaint. Upon the trial before the court and a jury, a verdict was rendered in favor of the plaintiff and against the defendant for the amount claimed, and judgment entered thereon.   This judgment roll having been admitted in evidence, the parties conceded that the plaintiff and defendant entered into an agreement of employment April 25, 1890,—the employment to commence on the 16th day of June, 1890, and to terminate on the 16th day of June, 1891,—at a salary of $2,000 per year, and that about January 1, 1891, the plaintiff was discharged, without any fault or negligence on his part, and that plaintiff had been paid for his services to January 1, 1891, in cash, and by the judgment in evidence, and that there was never more than one contract of employment between the parties.   The parties consented that all the evidence taken on the

trial of the former case should be regarded as evidence upon this trial. The plaintiff rested, and the defendant's attorney testified that the question of the statute of frauds was in no way raised upon the trial of the former case. Upon this evidence the court ordered judgment for the plaintiff, on the ground, among other things, that the statute of frauds had been avoided by showing that this question might have been litigated in the prior action, and that the validity of the contract was passed upon favorably to the plaintiff in such former action. There was no exception taken to this decision.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

I. M. Dittenhoefer, for appellant.
Charles A. Decker, for respondent.

WILLIAMS, J. In the absence of an exception, we cannot review the correctness of the decision of the court ordering judgment for the plaintiff. Code Civ. Proc. §§ 994, 1022; Millar v. Larmer, 85 Hun, 313, 32 N. Y. Supp. 1146; Smith v. Moulson, 88 Hun, 147, 34 N. Y. Supp. 607. We can only review the exceptions taken on the trial, and the only one taken was to the reception in evidence of the judgment roll in the former case. If that evidence was improperly received, the exception requires a reversal of the judgment, because the judgment was based upon this evidence,—resulted solely from it. It was not necessary to plead the judgment, in order to make it competent evidence. It might properly be given as evidence in this case of any fact which was, or might have been, determined in the former case; and such evidence would be conclusive, and could not be contradicted. Krekeler v. Ritter, 62 N. Y. 372. The question which the judgment roll was offered as evidence of was the validity of the contract which was conceded in this case to have been made, to wit, a contract of employment on April 25, 1890, to commence June 16, 1890, and to terminate June 16, 1891, at a salary of $2,000 per year, and as to which there was no writing or memorandum signed by the defendant. It is conceded that there was but a single contract made between the parties. Upon this contract both actions were therefore brought. The validity of this contract was necessarily determined in the first action, because upon no other theory could that action have been maintained. It is true that an action might have been brought for the services rendered, as alleged in the first action, though the contract was void under the statute of frauds, and could have been maintained, if the recovery had been sought upon the theory of a quantum meruit; but no such allegation was made in the complaint in that action, and the recovery was not had upon any such theory. The action was based upon the contract alone, and the judgment recovered therein necessarily involved and established the validity of that contract. The statute of frauds might have been pleaded in that action, and the contract attacked upon that ground, and then upon the real contract being proved or conceded, as it has been in the present action, the cause of action there alleged would have been defeated on the ground of the invalidity of such contract. By failing to allege the invalidity of that contract under the statute of

frauds, or to insist upon it, in that action, the defendant waived such validity or claim, and conceded the validity of that contract. We are unable to escape the conclusion, therefore, that the validity of the contract in question was determined in the former action, and that the judgment roll, when offered in evidence in this action, conclusively established such validity, and that it could not be again litigated here. Our conclusion is that the evidence in question was properly received, and that the case was properly decided by the trial court.

The judgment should be affirmed, with costs.

BARRETT, RUMSEY, and PATTERSON, JJ., concur.

VAN BRUNT, P. J. (dissenting). There is no dispute in regard to the facts of this case. The single question presented is whether a certain judgment roll was improperly admitted in evidence upon the trial of this action. It appears that on the 23d of January, 1891, an action was commenced by the plaintiff against the defendant to recover for services rendered by the plaintiff to the defendant. The allegations in the complaint were that on or about the 25th of April, 1890, the defendant employed the plaintiff; that said employment commenced on the 16th of June, 1890, and continued until the 1st of January, 1891, at the agreed compensation or rate of $2,000 per year; that the plaintiff at all times during said employment performed the duties required of him by said defendant; that the defendant paid the plaintiff the sum of $500, leaving a balance due from the defendant of $583.33; and judgment was prayed for that amount. The defendant, answering, denied the allegations of employment and service, admitted the payment of $500, and denied that there was $583.33 due. The issues thus raised were on the 13th of November, 1893, tried before a jury, and a verdict rendered for the plaintiff; and judgment was subsequently entered on the 16th of November, 1893, in favor of the plaintiff and against the defendant. Upon an examination of the judgment roll in question, all that this judgment seems to have established was that the plaintiff employed the defendant from the 16th of June, 1890, to the 1st of January, 1891, at an agreed rate of compensation, which amounted to the sum mentioned in the complaint. It did not establish, or tend to establish, that the contract of employment was made on the 25th of April, or at any time before the actual service commenced, because the judgment would have been the same had the contract of employment been made on the 16th of June, when the service began. Neither does it establish that the rate of compensation was $2,000 a year, but only that under the agreement of employment, whether a monthly or yearly compensation was agreed upon, it amounted, at its termination, to the sum found. And it is to be observed that the allegation of the complaint is that the employment terminated on the 1st of January, 1891, and this seems to have been the end of the contract. The defendant in that action certainly would, from that complaint, have no reason to suspect that a contract for a year, or a series of years, could be established by success in an

action under a similar complaint. The cause of action set forth in the complaint was not amenable, under any possible circumstances, to the defense of the statute of frauds, and it is difficult to see how a defendant could be called upon to plead any such statute, when he had no reason to apprehend, from the allegations contained in the pleading, that a contract was relied upon which was amenable to such a defense, and which, by its very terms, would refute such an assumption. The defense of the statute of frauds to a cause of action such as was set out in the complaint would have been frivolous.

On the 7th of July, 1892, the plaintiff commenced this action, alleging that on the 25th of April, 1890, the defendant employed him; that such employment was to commence, and did commence, on the 16th of June, 1890, and was to continue until one year from that date, at the agreed compensation of $2,000 per year; that the plaintiff continued to act under said employment until the 1st of January, 1891, on or about which day the defendant terminated the contract of employment, without any fault or neglect on the part of the plaintiff, by discharging the plaintiff from the employment; that the plaintiff at all times between the 1st day of January, 1891, and the 16th of June, 1891, was ready and willing to perform the duties required from him under the terms of said employment; that he endeavored to find employment, and could not; and that, by reason of the breach of the contract on the part of the defendant, he had been damaged in the sum of $916.67. The defendant answered, denying the contract of employment, the allegations of service and readiness for service, and damage, and, for a separate defense, alleged that the contract sued upon, by its terms, was not to be performed within one year from the making thereof, and that neither said contract, nor any note or memorandum thereof, was ever made in writing, and subscribed by the defendant, who is sought to be charged therewith. These issues coming on to be tried, a jury was waived, and the judgment roll in the first action was offered in evidence. This was obected to as immaterial, irrelevant, and incompetent, and that it should have been pleaded affirmatively. The last objection has no weight. It seems to me, however, that it was clearly immaterial, because it utterly failed to establish the contract that was sued upon in this action. It only established the contract that was alleged in that complaint, which was not a contract for a year, and in which no reference was made to a contract for a year; and there was nothing in the complaint which called the attention of the defendant to the fact that it would or could be claimed that any contract for a year had been entered into. Under such circumstances, it does not seem to have had any tendency to establish a contract absolutely different from that which was alleged in the complaint in the first action, as has already been observed. The defendant had no reason to suppose, from the allegations contained in that complaint, that a contract for a year was being relied upon. There was no intimation of anything of the sort. All that the defendant was bound to do was to meet the issue presented, and not to borrow trouble in respect to a different contract which the plaintiff might possibly have declared upon. If such a judgment roll is to

establish this contract for a year under the guise of an action upon a contract of employment for six months, then a contract for a series of years might be established, of which the defendant may not have had the remotest idea or suspicion.  It is true that after the introduction of this judgment roll the defendant made an admission that a contract of employment had been entered into between the plaintiff and the defendant on the 25th of April, 1890, the employment to commence on the 16th of June, 1890, and terminate on the 16th of June, 1891, at a salary of $2,000 a year, and that the plaintiff was discharged without any fault or neglect on his part, and that it was also conceded, for the purposes of the present action, that the plaintiff had been paid up to January 1, 1891, in cash and by the judgment in the first case.  But it is difficult to see how this concession can enlarge the judicial effect of the judgment in the previous action.  The effect of that judgment must be governed by the causes of action set out in that complaint, and the defenses contained in the answer.  And its effect as a judicial determination cannot possibly go beyond that.  If the claim made upon the part of the plaintiff in this action is well founded, then the extent of the judicial determination in the first action depends upon the knowledge of the defendant, and not upon the record.  If the admission contained in the record before us extends the judgment, it has the effect above stated.  It seems to be conceded that without this admission the first judgment would not have been conclusive.  But it is contended that, because the defendant knew of a contract which was not declared upon, therefore the judgment in the first action established that contract.  I do not think that the extent of judicial determinations, where there is no ambiguity in the record, can be enlarged by any such uncertain and unsatisfactory evidence as the rule claimed would permit.  I must therefore dissent from the prevailing opinion, as I think the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant, to abide the event, and the appeal from the order dismissed.