ZEREGA v. WILL.

(Supreme Court, Appellate Division, First Department.  November 11, 1898.)

1. JUDGMENT—CONCLUSIVENESS—ACTION FOR RENT.
    A lessee, who abandoned the leased premises after paying the May rent, had judgment rendered against him for the June rent, and was afterwards sued for rent accruing since the former action.  *Held*, that the judgment in the former action was conclusive as to whether there had been an eviction prior to the time the June rent became due.

2. SAME.
    It was also conclusive on the question whether there had been a surrender and acceptance prior to that time, although that defense was not urged in the former action.

3. SAME—EVIDENCE—ADMISSIBILITY.
    In an action against a lessee, who had abandoned the premises, to recover a second installment of rent falling due after the abandonment,— the first installment having been recovered in a prior action,—testimony of defendant that there had been a surrender and acceptance, which is not limited to a time subsequent to the time plaintiff's former right of action accrued, is inadmissible, as the prior judgment is conclusive on the question up to that time.

4. LANDLORD AND TENANT—CONDITION OF BUILDING.
    Where a lessee has an opportunity to examine the premises before the
    lease is made, and the lease contains no express warranty, he cannot es-
    cape liability for rent on the ground that the premises are out of repair.

Appeal from trial term, New York county.

Action by Lizzie H. Zerega against Ernst Will to recover rent.
From a judgment for plaintiff entered upon a verdict directed' by the
court, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and INGRAHAM, JJ.

Joseph I. Green, for appellant.

Thomas H. Barowsky, for respondent.

McLAUGHLIN, J.    The plaintiff, by an instrument in writing for
a term and at a monthly rental therein specified, leased to the de-
fendant a portion of a building.   The defendant paid the rent for the
first month (May, 1890), and went into and continued in possession
of the same until near the close of the month, when he vacated.
When the rent for the next month (June) became due, the defendant
having failed to pay, the plaintiff brought an action in the city court
of New York to recover the same.    The defendant appeared in that.
action, and the defense there interposed was substantially the same,
except surrender and acceptance, as the one interposed in this action.
The action was tried, and the plaintiff had a judgment for the amount
claimed.    The balance of the rent under the lease having become due,
and the defendant having failed to pay, this action was brought,
and the plaintiff had a judgment for the amount claimed, and the
defendant has appealed.

The judgment is assailed principally upon the ground of errors
alleged to have been committed by the trial court (1) in permitting
the plaintiff to put in evidence the judgment roll in the city court
action; and (2) in excluding certain testimony offered by the defend-
ant.

We think the judgment roll was admissible.    The motion was be-
tween the same parties, to recover rent claimed to be due under the
lease here involved.    The defendant there claimed he ought not to
pay, because he had been evicted, and that is one of the defenses here
relied upon.    That he was not evicted prior to the time the rent for
the month of June became due was settled and determined in the
city court action, and the judgment there rendered conclusively deter-
mined and established that fact.    Gates v. Preston, 41 N. Y. 113;
Webb v. Buckelew, 82 N. Y. 559; Griffin v. Railroad Co., 102 N. Y.
449, 7 N. E. 735.    There was no evidence upon the trial of this action
that the defendant was evicted after the rent for the month of June
became due.    Indeed, it affirmatively appeared from the defendant's
own testimony that he left the premises leased before the 1st day of
June; and his testimony was not disputed, but was supported by that
of several other witnesses.   It is apparent, therefore, that the judg-
ment roll was admissible as bearing upon the defense of eviction.
It was also admissible as bearing upon the question of whether there
had been a surrender and acceptance.    The defendant testified that

he left the premises "the latter part of May"; and his contention is that when he vacated he surrendered the premises to, and the same were accepted by, the plaintiff. That question was, however, settled and determined in the action in the city court, and the judgment then rendered is conclusive and binding upon the parties upon that subject. "The rule is well settled" that, where the second action is upon the same claim or demand as the first, "a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and have decided, as incident to, or essentially connected with, the subject-matter of the litigation within the purview of the original action, either as matter of claim or defense." Griffin v. Railroad Co., supra, and Cromwell v. Sac Co., 94 U. S. 351.

Upon the trial the defendant endeavored to show by his own testimony a surrender and acceptance of the premises. The testimony was excluded upon the objection of the plaintiff, and we think properly. Each of the questions to which objection was made related to a time prior to the rendition of the judgment in the city court action, and each ruling simply went to the extent of excluding evidence of a surrender prior to that time. Had the defendant sought to prove a surrender and acceptance subsequent to the time the plaintiff's right to recover rent for the month of June accrued, the testimony would have been proper and admissible; but this he did not attempt to do, and the reason is obvious. The defendant had testified that he left the premises in May, and therefore he was asked if he did not surrender in May, June, or July.

The court also properly declined to receive evidence as to the condition of the basement. It appeared that the defendant had an opportunity to examine the premises leased prior to the time the lease was made, and the lease contained no express covenant of warranty, in the absence of which the defendant assumed the risk of their condition. Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126.

The defendant failed to establish any defense to the action. There was an entire failure of proof showing or tending to show either an eviction, or a surrender and acceptance. The trial court therefore was right in directing a verdict for the plaintiff.

The judgment appealed from must be affirmed, with costs. All concur.