JOHN FRITZ, Respondent, *v.* WINFIELD TOMPKINS, Appellant.

*Right of way — action arising out of its obstruction — a judgment in an action in which the fee is claimed is a bar to an action in which the same party claims an easement only in the same land.*

In an action, commenced by one Fritz in 1893, in which the complaint alleged that the plaintiff was the owner and entitled to the exclusive possession, use, control and enjoyment of a certain right of way from his premises over adjoining property, and that the defendant, one Tompkins, had blocked up and obstructed such right of way, there was offered and received in evidence, without objection, a judgment in favor of Tompkins, rendered in March, 1896, in another action, brought by him, as the owner of the premises over which this right of way was claimed, against Fritz, the claimant of such right of way, the complaint in which alleged that Fritz unlawfully entered upon the premises of the plaintiff therein and dug up the ground and removed the fences, to which

Fritz interposed a general denial and further said that the premises on which the trespass was alleged to have been committed belonged to him and that he claimed title to the same.

*Held,* that such judgment was a bar to the first mentioned action;

That the fact that Fritz claimed an easement only in the first-mentioned action, and in the last the title to the land, did not affect the conclusiveness of the judgment, as a claim and proof of an easement would have been a defense to the latter action.

APPEAL by the appellant, Winfield Tompkins, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 24th day of December, 1896, upon the decision of the court rendered after a trial at the Delaware Special Term.

The plaintiff, in his complaint in this case, alleges that he is the owner, and entitled to the exclusive possession, use, control and enjoyment of a certain right of way leading from his premises, known as sub-lot No. 5, on the easterly half of division No. 29, great lot No. 2 of the Hardenburgh patent, across the southeast corner of sub-lot No. 6 in the same division and lot of the Hardenburgh patent.

That the defendant has, with his agents, employees and teams, gone upon said right of way and drawn and placed thereon large rocks and stones, and has erected, or caused to be erected, a large, heavy, coarse wall of rock and stone across said right of way, and has blocked up and obstructed the aforesaid right of way, and completely prevented and deprived this plaintiff of the use and enjoyment of the same since the 28th day of October, 1893, and that the plaintiff is now wholly deprived of the use thereof on account of the conduct and acts of this defendant. He further alleges that he has no other way of ingress or egress to and from his said premises from the public highway, except over and along the aforesaid right of way, without trespassing upon his neighbors, and alleges that, by reason of such obstructions, he is hindered in his work and business, and has suffered damages to the amount of $150, and that, if the defendant continues to obstruct the said right of way, the plaintiff will suffer great and irreparable loss and damage; and he asks judgment for the sum of $150 damages, and that the defendant, his agents, employees, servants and assigns, be forever enjoined and restrained from further obstructing said right of way, or in any way

interfering with the plaintiff's unobstructed use, occupation and enjoyment of the same.

Accompanying the complaint is an affidavit upon which the plaintiff moved for a temporary injunction, in which, amongst other things, the plaintiff states that, in September, 1893, the defendant placed certain obstructions in such highway, at the point where said highway passes into the public highway, and also at the point where the same crosses the line between sub-lots Nos. 5 and 6; and that soon thereafter he, the plaintiff, tore out and removed the obstructions at both points, and that an action was brought by the defendant against the plaintiff for such removal, and that the case is now (then) pending in the Supreme Court.

Upon such complaint and affidavit a temporary injunction was obtained.

The defendant, in his answer, interposes, *first*, a general denial; *second*, denies that the plaintiff has or is in any way entitled to a right of way across the premises mentioned and described in the complaint herein, or that he has any right to use the same in any manner whatever; and, *third*, alleges that he, the defendant, is the owner of, and entitled to, the possession of the said lot No. 6, including the right of way claimed by the plaintiff, and that the plaintiff has no right, title or valid claim thereto, or any right to use or travel upon the same.

Upon the trial it appeared that the plaintiff and defendant are the owners of adjoining lots, the plaintiff owning No. 5 and the defendant No. 6; each derived his title from the same common source of title, the plaintiff claiming an easement or right of way of necessity across a corner of lot No. 6, belonging to the defendant, to reach the highway.

The plaintiff, upon his examination, testified to the placing of obstructions across his alleged right of way by the defendant, and to his tearing down and removing such obstructions, and that the defendant brought an action against him therefor in the Justice's Court, and that the plaintiff thereupon took steps to have such action removed to the Supreme Court, and that such action was tried in March prior to the trial of this action.

The defendant put in evidence a judgment roll in the case of *Winfield Tompkins* v. *John Fritz.* The complaint therein alleges

that the defendant, with his servants and men in his employ, wrong-fully and unlawfully entered upon the premises of the plaintiff and dug up, plowed and tore up the ground, and removed fence and stone, and took stone and pounded and broke the same and used them to make and repair the road to the great damage of the plain-tiff in the sum of twenty-five dollars, for which sum the plaintiff demands judgment against the defendant, together with the costs of the action.

The defendant in his answer " denies each and every allegation alleged and set forth in said complaint, and further says that the premises on which the trespass is alleged to have been committed belongs* to the defendant, and he claims title to the same," and con-cludes by demanding that the plaintiff's complaint be dismissed.

The case was tried in March, and a verdict was given in favor of the plaintiff and against the defendant, and judgment rendered March 12, 1896, in favor of the plaintiff therein (the defendant here), and against the defendant (the plaintiff here) for the sum of six cents damages, and $144.50 costs and disbursements. The judgment roll was offered and received in evidence without objection by the plaintiff.

The present action was commenced in December, 1893, and tried in June, 1896, and judgment rendered in November, 1896. The former action between the same parties, the judgment roll in which has been referred to, was commenced in the Supreme Court in October, 1893, and tried in March, 1896.

With the view that I have taken of the case, it is unnecessary to state any additional facts, or any of the evidence relating to the plaintiff's claim of a right of way.

*Wesley Gould*, for the appellant.

*Wagner & Fisher*, for the respondent.

HERRICK, J.:

The policy of the law is to confine litigation between the same parties over the same subject-matter to one action, and to hold the decision in that conclusive as to the rights of the parties ; and pur-suant to that policy it is held that " the judgment or decree of a

---

* *Sic.*

court possessing competent jurisdiction, is, as a general rule, final not only as to the subject-matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." (*Embury* v. *Conner*, 3 N. Y. 511, 522; *Dunham* v. *Bower*, 77 id. 76; *Dawley* v. *Brown*, 79 id. 390; *Pray* v. *Hegeman*, 98 id. 351; *Reich* v. *Cochran*, 151 id. 122.)

Or, as otherwise stated, "the rule is well settled that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have decided as incident to or essentially connected with the subject-matter of the litigation within the purview of the original action, either as matter of claim or of defense." (*Griffin* v. *Long Island R. R. Co.*, 102 N. Y. 449, 452.)

And in still another form, "the judgment of a court of competent jurisdiction directly upon the point is as a plea, a bar, and as evidence conclusive between the same parties upon the same matter directly in question in another action or court." (*Stowell* v. *Chamberlain*, 60 N. Y. 272, 276.)

The subject-matter of the case at bar and the subject-matter of the litigation in the case of *Tompkins* v. *Fritz* is the same; that is, the same right of way is involved. The only question to be determined in each was the right of the plaintiff to use a particular strip of land as a private way to reach the public highway.

No objection was made to the reception of the judgment roll in evidence; it was pertinent and material to the fact in issue; that is, the plaintiff's right to use the land in question.

A former judgment is competent evidence of a fact in issue, although not pleaded in bar (*Krekeler* v. *Ritter*, 62 N. Y. 372); and when receivable in evidence it is conclusive evidence, not to be contradicted of any fact which was, or might have been, determined in the action in which it was rendered. (*Foulke* v. *Thalmessinger*, 1 App. Div. 598.)

The fact that in this case the plaintiff only claims an easement in the land, while in his answer in the other case he claimed the title to and to be the owner of it, and that the question as to whether he had an easement was not made an issue by the pleadings, and was probably not litigated upon the trial, makes no difference.

It is not necessary to the conclusiveness of the former judgment that issue should have been taken upon the precise point controverted in the second action. (*Pray* v. *Hegeman*, 98 N. Y. 351, 358; *Campbell Printing Press & M. Co.* v. *Walker*, 114 id. 7, 12.)

The rule is that the judgment is a bar to a right of recovery where a party has had his day in court, with full opportunity to be heard, and to assert and protect his rights, although he has failed to do so. (*Reich* v. *Cochran*, 151 N. Y. 122.)

Claim and proof of an easement, or a right of way by necessity, such as asserted here, would have been a defense in the former action, and if the plaintiff failed to assert it then, he should not be permitted to maintain another action to assert it. The fact that the forms of action are different is of no consequence. It is the principle that is involved that the law considers. And if the parties and the subject-matter are the same one action must determine the controversy.

And a party cannot be permitted to withhold matter as a defense in one action, and when beaten in that upon one defense, commence an action upon the same matter he refused to assert as a defense in the first.

This is illustrated in *Nemetty* v. *Naylor* (100 N. Y. 562) which was an action brought to recover damages for an alleged breach of contract to alter over certain premises and fit them for a school, and to execute to plaintiff a lease thereof for a term of years.

The plaintiff went into possession of a dwelling house belonging to the defendants under a written lease for one year from May 1, 1876, at a rental of $1,000, payable monthly in advance. The rent for May and June was paid. The plaintiff gave evidence tending to show certain agreements between herself and defendant, whereby the landlords were to make extensive repairs and alterations to fit the premises for a school, the work to be finished by October first, the tenants to pay no rent until their completion, and to have the premises for ten years at an increased rent, receiving credit for the rent paid for May and June, and the costs of the repairs done by her.

It appeared that in December, 1876, summary proceedings were commenced in behalf of Naylor, as landlord, against the plaintiff, to dispossess her for non-payment of rent, reserved in the written lease. Judgment was rendered therein against the plaintiff, which defendants set up as a bar to this action.

The court said (p. 567) : " Although it may be conceded that the plaintiff would not be bound to recoup the claims which are the subject of this action, if an action had been brought by the defendants to recover rent for the demised premises against the plaintiff, and a judgment for such rent would be no bar to the plaintiff's action for damages, yet it cannot be denied, we think, that the adjudication in the summary proceedings was a final determination as to the rights of the parties to the premises under the lease or contract existing between them. Either the plaintiff or the defendants had a right to the possession of the premises. If, under any agreement, the plaintiff had such a right, she could not be dispossessed or removed. Any agreement which authorized her to keep possession was a perfect defense to the summary proceedings for her removal, and if such an agreement existed no judgment of removal was authorized. Such agreement not having been set up or proved the plaintiff is not in a position to claim she had a right to the possession of the premises. She has had her day in court, with full opportunity to be heard and to assert and protect her rights, and, having failed to do so at the proper time, the record of the proceedings upon which she might have done so is a bar to her right to recover in this action. The judgment is conclusive that no other tenancy existed than that which was claimed in the proceedings had, and also as to the rent due and unpaid and the holding over after default in its payment."

As the judgment in that case was held to be conclusive that no other tenancy existed than that which was claimed in the prior summary proceedings, so here the former judgment should be held conclusive that the plaintiff has no other right to the use or occupation of the land in question than the right which was litigated in the former action.

For these reasons I think the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred, except PARKER, P. J., and MERWIN, J., dissenting.

Judgment reversed, new trial granted, costs to abide the event.