SPRUCE HILL HOMES, INC., Appellant, *v.* CHARLES LA MONTE BRIEANT and MARJORIE H. BRIEANT, Respondents.

Second Department, June 23, 1941.

*Abraham L. Pomerantz,* for the appellant.

*Lawrence E. Bobker,* for the respondents.

PER CURIAM. Appeal from an order denying plaintiff's motion for summary judgment in an action to foreclose a purchase-money mortgage executed September 1, 1928, the interest on which has not been paid for several years. Defendants pleaded as defenses and counterclaims breach of covenants of warranty in the deed from plaintiff's predecessor, in which defendant Charles La Monte Brieant was the grantee, in that there was a right of way from adjoining premises across the property in question; and also pleaded the defenses of usury, fraud in concealing the existence of said right of way, and failure of consideration. It was conceded that plain-

tiff held the mortgage subject to any defense available to defendants against their grantor, the mortgagee.

In a prior action in which one Lavine, the owner of the premises adjoining the land of defendants, was plaintiff, and defendants and plaintiff's assignor were defendants, with others, a judgment was rendered upon findings of fact and conclusions of law by which it was determined that said Lavine had a right of way by necessity over the property of defendants since 1915, when said Lavine acquired the premises held by him, a time long before defendants became the owners of their premises. Under these circumstances, there was no breach of the covenant of warranty in the deed and no failure of consideration. Ways of necessity are implied and are not violative of covenants of warranty. (Jones on Easements, § 305; *Fritz* v. *Tompkins*, 18 Misc. 514; revd., 39 App. Div. 73; revd., 168 N. Y. 524; *Outerbridge* v. *Phelps*, 45 N. Y. Super. Ct. [13 J. & S.] 555, 572; *Smith* v. *New York Central Railroad Co.*, 235 App. Div. 262; *Empire Bridge Co.* v. *Larkin Soap Co.*, 59 Misc. 46; affd., 132 App. Div. 943.) It also appears that said Lavine was in open and notorious use of said right of way for over twenty years before the commencement of this action. As to the claim that it had been represented to defendants by their grantor that there was no easement or incumbrance of any kind in order to induce the acceptance of the deed, there was a finding in the Lavine action that, when defendant Charles La Monte Brieant received the deed, he had actual and constructive notice that Lavine was using the property adversely and under claim of right and had this easement by necessity.

Without admitting usury, but in order to procure a speedy determination, plaintiff is willing that the sum of $150, the alleged bonus, with interest, be deducted from any recovery herein.

The order denying plaintiff's motion for summary judgment should be reversed on the law, with ten dollars costs and disbursements, and the motion for summary judgment of foreclosure and sale should be granted, without costs, but the sum of $150, with interest from March 13, 1934, the date of the alleged payment thereof, should be deducted from the balance due on the mortgage, to wit, the sum of $3,000, with interest from September 5, 1935.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Order denying plaintiff's motion for summary judgment reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment of foreclosure and sale granted, without costs, the sum of $150, with interest from March 13, 1934, the date of the alleged payment thereof, to be deducted from the balance due on the mortgage, to wit, the sum of $3,000, with interest from September 5, 1935.