## DRITTEL v. FRIEDMAN et al.

District Court, S. D. New York.
May 11, 1945.

Morris Kirschstein, of New York City, for plaintiff.

I. Gainsburg, of New York City (Joseph P. Segal, of New York City, of counsel), for defendants.

CONGER, District Judge.

Action by plaintiff against defendants for alleged infringement of a trade mark. The trade mark "Juliana" was registered by plaintiff's predecessor in the United States Patent Office on March 4, 1941. Plaintiff is in the business of manufacturing and selling housecoats and uses the said trade mark by applying it to the housecoats by a label bearing the said trade mark.

Defendants are in the business of manufacturing and selling lingerie, consisting of ladies' night gowns, slips and ensembles.

Although plaintiff alleges that he is a citizen of New Jersey and does business in that state, it does appear from the papers that both parties herein have business places and do business in the City of New York and in interstate commerce.

The defendants have answered herein and generally deny plaintiff's right to use the name "Juliana" as a trade mark and assert that they have the right to so do as against plaintiff. The answer of defendants also contains certain special defenses.

Plaintiff in his complaint asks for an injunction against the defendants and an accounting for profits and damages.

Defendants ask that plaintiff be enjoined from using the trade mark and for damages and an accounting and that the registration by plaintiff of his trade mark be declared invalid.

The issue is over the right to use the name "Juliana". Plaintiff has a registered trade mark and defendants claim to have an unregistered trade mark.

There are two motions here:

(a) Plaintiff has moved to strike the Fifth defense and for summary judgment dismissing the counterclaim set forth in Paragraphs 14 to 26 of the Answer, designated "For a Fifth Defense and for a Counterclaim."

(b) Defendants have moved for summary judgment dismissing the plaintiff's complaint, and for judgment for the de-

fendants on the defenses and counterclaim in the defendants' answer.

On these motions, there is before me the complaint, answer and reply to defendants' counterclaim. In addition there has also been filed with me by each party affidavits and exhibits. I have also the stenographic minutes of the examination before trial of the plaintiff.

I shall take up first the motion made by the plaintiff since it was first in point of time. On this motion I have also before me the judgment roll of a previous action in the Supreme Court of New York County. This consists of the complaint, answer, testimony, certain exhibits, decision of the trial judge, findings of fact and conclusions of law and judgment.

The point is this: With reference to the fifth special defense and counterclaim, plaintiff in his reply thereto sets up the defense of res judicata. He bases his defense on the following: That in March 1942 defendants' predecessor, Juliana Underwear, Inc., brought suit in the Supreme Court in New York County against plaintiff's predecessor, Julius Drittel, Inc.;[1] that the case was tried and judgment rendered therein on the merits by said Court on or about June 10, 1942, dismissing the complaint; that all the issues presented by defendants' counterclaim and plaintiff's reply have been or could have been determined in said suit and that by reason thereof defendants are barred and estopped from asserting said counterclaim.

It should be noted here that whatever right either of these parties has to the use of this name or trade mark comes through their predecessors.

It might be pertinent here to note that Anna Friedman was one of the organizers of this underwear business since its inception in 1920 and down through the years has been the owner or one of the owners thereof.

It appears from the papers that the judgment in question has not been vacated, set aside or modified in any manner and is still in full force and effect.

I realize that summary judgment should only be granted in very clear cases. I have been chary about granting them in the past.

Feeling this way I have gone over this motion as one might say with a fine tooth comb. I can't find any genuine issue of fact raised by the counterclaim which was not passed on by the Supreme Court of New York County.

The judgment in the Supreme Court of New York still stands. It is a judgment against defendants' predecessor and binds them until it is vacated or set aside. It may not be attacked collaterally.

The State Court had jurisdiction of the parties and the subject matter of the action.

The rule is well settled that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and have decided as incidental to or essentially connected with the subject matter of the litigation within the purview of the original action, either as a matter of claim or defense. Griffin v. Long Island R. R. Co. 102 N.Y. 449, 7 N.E. 735.

As I read it the cause of action alleged in the counterclaim is essentially the same as that set forth in the complaint in the State Court. In the last analysis in each, the Juliana Underwear concern is claiming the right as against Drittel or his predecessor to use the name "Juliana" in connection with merchandizing goods.

In each the relief asked for is the same, the enjoining of Drittel and/or his predecessor from using the name. The right to use the name is the sole issue in each. The State Court decided against the underwear concern and in favor of Drittel. I think the chapter is closed on that issue.

I quote from the complaint in the State Court action to indicate just what defendants' predecessor was litigating:

"Sixth:—That by reason of the great care exercised by plaintiff and its predecessors in the manufacturing of ladies' silk and rayon underwear, plaintiff has developed a very substantial good will, and that the name of 'Juliana' as applied to Ladies' silk and rayon underwear is associated in the minds of the purchasing public with its business."

"Eighth: * * * and that the defendant, in violation of the exclusive right of plaintiff to use the name 'Juliana' and for the purpose of injuring plaintiff herein, and to deceive, mislead and impose

---

[1] No opinion for publication.

upon the public in general, used the name 'Juliana' as a name, trade mark and marker."
and

"Ninth: That the said use of 'Juliana' by the defendant as a name, as an alleged trade mark, as an alleged trade name and in its business, is not only an infringement of the plaintiff's lawful trade name but will cause irreparable loss and injury to plaintiff."

I now quote Paragraphs 24 and 26 of defendants' counterclaim in this action:

"24. That upon information and belief the plaintiff and plaintiff's predecessor, with knowledge of defendants' rights and intending to secure to the plaintiff and plaintiff's predecessor the benefits and advantages of the business and good will which the defendant and defendants' predecessors have created, and to induce the purchasing public to believe that the ladies' garments sold by the plaintiff were of defendants' origin, the plaintiff and plaintiff's predecessor without the knowledge or consent of the defendants used the said name and trade mark 'Juliana' and plaintiff continues such use to the injury of the defendants' good will, name and credit, and also thereby preventing and interfering with the essential and necessary expansion of the defendants' said business and trade."

"26. That by reason of the premises the plaintiff has infringed and continues to infringe on the defendants' rights, their name and trade mark aforesaid and is engaged in unfair competition with the defendants herein, for which the defendants have no adequate remedy at law."

While the verbiage varies a bit, these charging paragraphs in each are essentially alike.

At the trial in the State Court, Anna Friedman for the plaintiff gave testimony that since January 1920 she had been in business either as an individual or with a corporation whose name was Juliana Underwear Co. or Juliana Underwear Co., Inc.; that from that time until the date of the trial the business was that of manufacturing ladies' underwear and that the name "Juliana" was always used in connection with the business and that the business was known to the trade as "Juliana."

The plaintiff in the State Court action introduced testimony of buyers who had dealt with it for many years. They testified that they always knew the plaintiff as "Juliana" and that when they saw the name "Juliana" used in connection with ladies' underwear they always associated it with the plaintiff and plaintiff's goods.

The defendant in the State Court action in its defense introduced testimony of its use of the name "Juliana", which it claimed to have used in connection with its business of manufacturing and selling housecoats since 1939, as a trade mark; that subsequently and in or about September 1940 it applied to the U. S. Patent Office for a registered trade mark of the name "Juliana", and that subsequently and on or about March, 1941, this petition was granted and it received a certificate of a registered trade mark which was offered in evidence.

Defendant in the State Court trial gave testimony of the use of this name both as a registered and unregistered trade mark both in advertising and by application to its garments by affixing thereto a distinctive label with the name "Juliana" thereon.

The defendants here urge nothing new in support of 'he counterclaim that was not before the Judge in the State Court action, except that it is now claimed that a rubber stamp was used by defendants and her predecessor since shortly after the establishment of the business in 1920; that the rubber stamp was used to stamp on boxes used to send out garments and bore the legend "From Juliana Underwear." I can't see that this helps defendants. This fact could or should have been part of the proof in the State Court action. Defendants may not urge it now as the basis of another action. Griffin v. Long Island R. R. Co., supra.

Defendants rely on Paragraph 25 as in some way justifying the counterclaim. In substance it charges that by reason of the registration (which defendants charge was illegally granted) by plaintiff and his predecessor of the name "Juliana" as a trade mark, defendants have been prevented from and interfered with in the registration of said trade mark by defendants. This Paragraph 25 is entirely irrelevant to any of the other paragraphs of the counterclaim. I can't quite visualize what defendants' claim is under this paragraph. Certainly it adds nothing to the counterclaim which defendants assert in their brief is based upon their prior right and title to the name "Juliana" as a common law trade mark. Defendants have nothing more now

than they had in the State Court action, i. e. an unregistered trade mark.

Defendants contend that the counterclaim is "well pleaded and essential to the defendants' right for a decree adjudicating the invalidity of plaintiff's registration of the mark 'Juliana' whether absolutely or qualifiedly."

They may not do this by this counterclaim. If there is merit to the contention asserted in Paragraph 25, it has been raised in other paragraphs of the complaint outside of the counterclaim.

Defendants also contend that there has been a change in the situation since the State Court action because defendants now use a label on their goods; that this label features the name "Juliana". I can't see that this adds one bit of strength to this counterclaim. If it is good as a defense it may be proved at the trial under the other allegations of the answer.

Defendants further contend that in the trial in the State Court action, the only issue tried was that of unfair competition; that the counterclaim goes beyond that and is really a claim of infringement of defendants' common-law trade mark and name. "The main contention of the defendants is having adopted and used the corporation name and trade mark successively with the word 'Juliana' as the principal feature, they thereby gained an exclusive right to the name." (From defendants' brief).

Under certain circumstances defendants might be correct. A cause of action for unfair competition may be distinguished from an action for infringement of a trade mark and an action for unfair competition may not involve the right or title to a name. Unfortunately for defendants, the action in the State Court, assuming it sounded in unfair competition, was based on an alleged infringement. The State Court action did involve the question of these defendants and their predecessor's right to use the name "Juliana" as against the instant plaintiff and his predecessor.

In the State Court action there was no actual palming off or deceit or fraudulent representation charged or attempted to be proved, except only in so far as it was reflected by the use of the label on the garments made and sold by the Drittel corporation.

From the pleadings and from the affidavits submitted by the defendants here, it appears that they are attempting to use, to sustain this cause of action for common-law trade mark infringement the same testimony (except as above noted) that was used by their predecessor to sustain the action in the State Court based on unfair competition. The wrong complained of in each was the alleged unlawful use of the name "Juliana".

I am convinced that defendants' counterclaim may not survive. If it is bad as a counterclaim it is also bad as a defense.

Plaintiff's motion is granted.

I now take up defendants' action for summary judgment.

Defendants' motion is for summary judgment on the counterclaim and defenses in the answer.

Plaintiff charges that defendants are, in their business, infringing his registered trade mark. Plaintiff alleges that defendants "commenced to sell and now sell their lingerie in commerce among the several states of the United States by affixing to the slips and other ladies' undergarments sold by them a label bearing said notation Juliana and by advertising their said lingerie under the trade mark Juliana—all in infringement of plaintiff's registered trade mark aforesaid and in unfair competition."

Defendants admit that they now sell their lingerie with a label affixed thereto bearing the name "Juliana" and they also advertise their lingerie in connection with the name "Juliana." They deny that in so doing they infringe plaintiff's alleged trade mark or that they unfairly compete with the plaintiff.

In defendants' answer there are several affirmative defenses: that the name "Juliana" was not subject to appropriative and exclusive use by plaintiff or plaintiff's predecessor because defendants' predecessor had used the name long prior and had adopted its corporation name, including "Juliana" in its business; that said plaintiff's trade mark registration was procured by false statements and misrepresentations; that similar names have been registered by others (the names and dates are set forth); that plaintiff's claim is res judicata by reason of the State Court action hereinbefore referred to.

The defendants by their answer have raised issues which can only be settled by a trial. These defenses alone, if good, will require evidence to support

them. The plaintiff stoutly resists the defendants' defenses. In the pleadings and in the affidavits submitted by each side there are contradictions and counter-contradictions of material facts. It would serve no useful purpose for me to detail each one of these. This is peculiarly a case which should be tried to the Court and not upon papers. This case comes well within the sentiment expressed recently by the United States Circuit Court of Appeals of the Second Circuit in Doehler Metal Furniture Company v. United States of America, 149 F.2d 130: "We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt despatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established."

It might be argued that the counterclaim might stand if the same rule were applied to it. I am convinced contra. The same issue raised in the State Court action and decided against defendants is raised in the counterclaim.

In connection with defendants' motion I do not propose to discuss to what extent the judgment in the State Court action affects the plaintiff in this action. His complaint against the defendants is based at least in part on elements that transpired after the State Court action was tried, i. e. the use of the label by the defendants and the advertising in which the name "Juliana" featured. This is entirely new. In the State Court action, Anna Friedman testified that her firm used no label and did no advertising. This may change the situation.

There was no finding in the State Court action as to just how far the Juliana Underwear, Inc., might go in the use of the name "Juliana." This was not raised apparently. I am not prepared to say that Julius Drittel, Inc., had the opportunity to raise the issue and having failed to do so its successor in interest (plaintiff here) is estopped from now raising it. Certainly the issue of the labeling and the advertising could not be raised. This occurred after the action had been decided.

Nothing was said in the former trial about the use of the rubber stamp by the underwear corporation although it is claimed now by defendants that it was in use shortly after 1920. If defendants are to obtain any advantage from its use, it certainly will depend on the manner and extent to which it was so used. Surely that is a question of fact which defendants will have to prove.

I feel that I should leave this whole question of plaintiff's claim and defendants' defenses thereto (except the counterclaim) to the trial court.

Defendants' motion for summary judgment denied.

Settle order on notice.