Appeal from a judgment of the County Court of Albany County rendered upon a verdict convicting defendant of the crime of criminal negligence in the operation of a vehicle resulting in death (Penal Law, § 1053-a). Defendant attacks the conviction on a number of grounds, (1) On the trial, a chemist testified that analysis of a sample of defendant’s blood revealed the presence of 0.18% ethyl alcohol and a physician testified that such an alcoholic level “ signifies a definite impairment of ability ” to operate an automobile. It developed on the trial that neither witness testified before the Grand Jury and defendant contends that there was, on that account, insufficient evidence before that body to support the specification of the indictment that defendant operated his automobile “ while he was under the influence of intoxicating beverages ”. It was shown on the trial, however, that the proof there of defendant’s admission that he had been drinking beer in two taverns, from noon until some time before the accident, which occurred at 4:09 p.m., was also before the Grand Jury and this evidence seems to us sufficient to sustain the specification quoted, which did not charge intoxication. Further, the evidence on the trial did not exclude the possibility that lay testimony as to defendant’s condition was adduced before the Grand Jury. “ The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary ”. (People v. Sweeney, 213 N. Y. 37, 44; see, also, People v. Howell, 3 N Y 2d 672.) (2) The exhibits in evidence were taken to the juryroom without defendant’s consent. (Code Crim. Pro., § 425.) They included photographs of the automobiles involved, taken at the accident scene, and containers, which had been cleansed after use, in which specimens of the blood of defendant and of the operator of the other automobile involved had been delivered to the laboratory, the latter exhibits bearing identifying marks and having been received in evidence in connection with the People’s proof of an unbroken chain of possession. There appears to us to be nothing about any of the exhibits which might have an inflammatory effect upon the minds of the jurors or prejudice their fair appraisement of the evidence. The jury had examined them during the trial and defendant’s counsel in his summation, had said: “Take the pictures with you. Look at them and see if there isn’t sufficient room.” We do not consider the error so substantial as to warrant reversal. (People v. Dolan, 186 N. Y. 4; Code Crim. Pro., § 542.) In People v. Dockum (285 App. Div. 510), upon which appellant relies, at least one of the exhibits (as appears from the record on appeal), was clearly of an inflammatory nature in view of the circumstances proven. (3) It is urged that the testimony of a doctor who removed a sample of defendant’s blood was privileged (Civ. Prac. Act, § 352). Following the accident defendant was taken to a hospital and was interviewed in the emergency room by two State troopers who testified that they, or one of them, asked defendant if he would consent to a blood test to determine the amount of alcohol *936 in his bloocl and that defendant said that he would. One trooper testified that the physician was then present. The doctor said that, at the request of the troopers, both of whom were present, he asked defendant if he might remove a blood sample and that the defendant answered, “ Yes. Okay ”; that he then removed blood from defendant’s arm and immediately delivered it to one of the troopers. The doctor said that he was called to examine the defendant and to treat him if an examination disclosed necessity of treatment.’ Although the burden was upon defendant to show facts giving rise to the privilege claimed (People v. Decina, 2 N Y 2d 133, 141), his attorney did not inquire whether this doctor examined or treated defendant. Further, in response to the assistant district attorney’s question, the physician stated that he had with him the hospital records which, so far as appears from the record, defendant’s attorney did not then seek to examine. While “ the question as to whether or not actual treatment is undertaken is not decisive” (People v. Decina, supra, p. 142), it was necessary to show the existence of the physician-patient relationship by some proof. Assuming,, arguendo, that the relationship existed, it was still essential, in order to invoke the privilege, that the evidence here questioned constituted information necessary to enable the physician to act in his professional capacity (Civ. Prac. Act, § 352). Clearly, defendant’s affirmative answer to the doctor’s request for permission to take a blood sample, the purpose of which had been made known by the troopers, may not be deemed such “information”. If we equate the term evidence, which the blood specimen itself was, to “ information ”, it is equally clear that it was not necessary to enable the doctor to treat defendant, since the doctor at once delivered it to the troopers who departed with it. (4) Appellant assigns as error, the trial court’s denial of defendant’s attorney’s request to inspect the Grand Jury minutes. While the denial of a motion to inspect the Grand Jury minutes may not be reviewed on appeal (People v. Howell, supra; Matter of Montgomery, 126 App. Div. 72, appeal dismissed 193 N. Y. 659), we will consider counsel’s contention as based on his later motion to dismiss. Counsel stated as the basis of his request to inspect, “If there was no proof of operating the ear * * * the Grand Jury had insufficient evidence to indict.” The allusion was to a State trooper’s testimony that he did not recall whether or not he testified before the Grand Jury that on an occasion some 18 days after the accident defendant admitted his operation of the ear. The trooper had previously testified that on the day of the accident defendant admitted operation. If the trooper so testified before the Grand Jury, his omission to recount the later admission of the same fact was unimportant insofar as the legal sufficiency of the indictment was concerned. The trial court inspected the minutes and denied the motion, stating that there was no basis for counsel’s request, and, further, that there was testimony concerning the later conversation. Here, too, the presumption, above alluded to, as to the sufficiency of the evidence before the Grand Jury was applicable. (5) The trial court’s charge was comprehensive, fair and adequate and we find no error in it. (6) We are constrained to find excessive, under all the circumstances, the maximum punishment imposed. Judgment modified on the law and the facts to reduce the sentence imposed to read: Adjudged that the defendant Isaae C. Downs be confined in Clinton Prison at Dannemora, New York, for a term of not less than one year and six months nor more than two years and six months; and as so modified, affirmed.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.