(January 30, 1989)

■ A & R FUELS, INC., Respondent, v ARTHUR LIEBERMAN et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the plaintiff possesses an easement burdening the defendants' property, the defendants appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered December 4, 1987, which denied their motion for summary judgment (1) dismissing the complaint, and (2) on their counterclaim for damages and a permanent injunction.

Ordered that the order is affirmed, with costs.

The plaintiff and defendants are adjoining property owners. The plaintiff has been using a portion of the defendants'

property at the common border as a roadway for the purposes of ingress and egress to a sewage treatment plant on the plaintiff's property, which plant is used to service an apartment complex in the vicinity owned by the plaintiff. In March 1986 the defendants attempted to barricade the roadway, thus precipitating the instant lawsuit. The defendants moved for summary judgment supported by the affidavit of Charles J. Patrick, an executor of the estate of a prior owner of both parcels, who stated that he gave verbal permission subject to revocation to the plaintiff's predecessor to use the roadway. In opposition, the plaintiff submitted affidavits of Hugo J. Ascenzi who stated that he was familiar with the property and the owners of the defendants' parcel since 1964 and met with MR. PATRICK on many occasions. Mr. Ascenzi averred that "[n]ever during this long term acquaintanceship with MR. PATRICK did he indicate, imply or state in any way whatsoever that he or anyone else that is familiar with or had an interest in the subject property ever gave permission for access through this property to enter into the sewer plant". He further stated that from 1964 until the present, the property adjacent to the sewage treatment plant (the defendants' property) "has been utilized continuously by the plaintiff and its predecessors * * * exclusively, notoriously and without permission".

The parties also disagree as to when the alleged right-of-way originated. According to the plaintiff, the right-of-way was established by the unitary owners of both parcels three years prior to the severance of the parcels in 1967, while the defendants contend that the plaintiff's use of the property at issue commenced after the severance of the parcels when revocable permission was given by the defendants' predecessor.

To acquire an easement by prescription, the use of the land must be adverse, open and notorious, continuous and uninterrupted for the required 10-year period (see, Di Leo v Pecksto Holding Corp., 304 NY 505, 510-512; Cannon v Sikora, 142 AD2d 662; Borruso v Morreale, 129 AD2d 604; CPLR 212). Also, an easement may be implied from an existing use at the time of severance of the ownership in the land (Heyman v Biggs, 223 NY 118; Paine v Chandler, 134 NY 385; Lissik v Monasky, 5 AD2d 934), or from necessity (Palmer v Palmer, 150 NY 139; Abbott v Herring, 97 AD2d 870, affd 62 NY2d 1028; Lianza v Marx, 45 AD2d 1018; Spruce Hill Homes v Brieant, 262 App Div 188, mod on other grounds 288 NY 309; 49 NY Jur 2d, Easements, §§ 50, 51).

A review of the record in this case, including the conflicting

factual assertions as to permissive use and the date when use of the property at issue by the plaintiff's predecessor commenced, reveals that triable issues exist with regard to the plaintiff's claim of an easement by prescriptive use and/or by implication (cf., *Pastore v Zlatniski,* 122 AD2d 840). Accordingly, the Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint and for judgment on their counterclaim. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.