STAPLES v. CORNWALL et al.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. ADVERSE POSSESSION—POSSESSION UNDER LICENSE—EFFECT.
   One constructing and maintaining a bridge on the land of another under a license from the latter cannot acquire the right to maintain the bridge by adverse possession.
   [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Adverse Possession, §§ 282–314.]

2. EASEMENTS—BURDEN OF PROOF. ·
   In a suit to establish a way as a way of necessity, plaintiff has the burden of proving that other ways leading to his property are not public highways.

3. SAME—SUFFICIENCY OF EVIDENCE.
   Proof that a way is the most suitable and convenient way to one's property, and that the property will be greatly depreciated in value if such way cannot be used, does not authorize a judgment establishing the way as a way of necessity.

4. SAME—ADMISSIBILITY OF EVIDENCE.
   In a suit to establish a way as a way of necessity to plaintiff's property, the fact that the property fronts on a river which is a public highway, and that the property may be made as accessible by the expenditure of a reasonable amount of money as it is by the use of the alleged way, is admissible in determining whether plaintiff is entitled to the way as a way of necessity.

99 N.Y.S.—64

Appeal from Judgment on Report of Referee.

Action by Oren C. Staples against Andrew C. Cornwall and others. From a judgment dismissing the complaint on the report of a referee, plaintiff appeals. Affirmed.

The action was commenced in March, 1902, for the purpose of obtaining a permanent injunction restraining the defendants from removing a bridge leading from defendants' dock to plaintiff's hotel, located at the village of Alexandria Bay, Jefferson county, N. Y.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Joseph Atwell, for appellant.
Henry Purcell, for respondent.

McLENNAN, P. J. The plaintiff is the owner of the Thousand Island House, erected in 1873 at Alexandria Bay, N. Y., at a cost of upwards of $100,000. It is a large summer hotel, equipped with modern improvements, and each season accommodates a large number of transcient guests and regular boarders visiting the upper St. Lawrence river. The premises upon which the hotel is situated were conveyed by plaintiff's grantors upon condition that the grantee would erect a hotel thereon; the grantors at the time being the owners of a public dock and other property upon the river front, and the most suitable and convenient means of access to such hotel from the dock of the defendants was by means of the bridge in question. At the time or shortly after the hotel was erected, a broad walk was constructed leading from the front entrance of the hotel to a slip or bay at the end of the defendants' dock, and which was on the boundary line between the premises conveyed to the plaintiff and that retained by the defendants. From such walk and across such slip the plaintiff constructed a bridge, which led directly to the dock referred to, and practically all of which was upon defendants' premises. The bridge constituted a continuation of the walk, and ever since its construction has been constantly used by guests of the hotel going to and from it to defendants' public dock. The plaintiff claimed upon the trial of the action that he and his grantors had acquired the right to maintain such bridge by adverse possession; that it was constructed in 1873, or soon thereafter, under claim of right, and that it has ever since been thus maintained. The referee found that it was constructed and maintained under a license from the defendants or their predecessors in interest, and that, therefore, the plaintiff did not and could not acquire title to the same, and that such license was revocable at the will of the defendants. The evidence upon that issue is conflicting, and we do not think that the finding of the referee in that regard should be set aside as being against the weight of the evidence. If such finding of fact be accepted, the law is well settled that the plaintiff could not acquire title by adverse possession.

It, however, is also claimed by the plaintiff that the evidence establishes that the plaintiff has acquired the right to maintain and continue the use of the bridge in question as a way of necessity. If the

way over such bridge originally constituted a way of necessity, the fact that it has been maintained and used all these years under a license by the grantors, which was revocable at their will, would not preclude the grantee, when such license was revoked, from insisting upon his right to a way of necessity, the same as if the license had not been given. If this were not so, an owner of certain lands might grant to another a part of the same entirely surrounded by the land of such grantor, and then permit the grantee by license to use a certain way accessible and convenient to such lands, and revoke such license, and thus preclude his grantee from ingress or egress to the lands purchased. The difficulty with the contention on the part of the plaintiff that he is entitled to succeed in this action because entitled to a way of necessity over and upon the bridge in question is that the complaint contains no appropriate allegation raising such issue, and no proof was introduced by the plaintiff to support the same. As we have seen, the action was brought to procure a determination that the plaintiff by adverse user under a claim of right had acquired the right to the maintenance and uninterrupted use of the bridge in question. The learned referee has found that such bridge was not erected and has not been used under a claim of right by the plaintiff adverse to the defendants, but under a license granted by such defendants, which was revocable at will, and we think the evidence fairly justifies such finding.

We think, also, that the evidence wholly fails to prove that the bridge in question or the way leading across it constitued a way of necessity. In the thirteenth finding of fact the referee found that there were two other well-defined ways leading to plaintiff's property, which ways are designated upon a map received in evidence without objection as a road and street, respectively. It is, however, urged by appellant's counsel that there is no proof that such road or street were public highways, and such as to entitle the plaintiff to use the same. There is no proof that they are not public highways, and the burden of proving that fact was upon the plaintiff when seeking to establish a way of necessity.

The plaintiff established by an abundance of evidence that the way leading across the bridge in question was by far the most suitable and convenient to the use of his hotel, and it is apparent that the plaintiff's property will be very greatly depreciated in value if deprived of the right to use such way and to cross the bridge in question. But such fact does not entitle the plaintiff to a judgment establishing such way as a way of necessity. Further, it may be said that it appears without contradiction that the plaintiff's property fronts upon the St. Lawrence river, which is a public highway, and may be made as accessible by the expenditure of a reasonable amount of money as is the property or dock of the defendants, which fact we think it proper to consider in determining whether or not the plaintiff is entitled to the use of a way over the defendants' property leading across the bridge in question as a way of necessity.

We have searched the record in vain for evidence which would justify this court in reversing the finding of fact made by the referee that:

"The bridge was originally erected by the plaintiff by and with the parol consent and permission of, and under a license from, the owners of the lands now owned by the defendants, given by them to the plaintiff therefor, and has since been kept in repair and maintained by the owners and occupants of the Thousand Island House, except the rebuilding by Barker and Case in 1881, with like permission and license, until January 21, 1902, and no claim of right to the use of the bridge upon the defendants' lands has been made by the plaintiff, or by any other owner or occupant of the Thousand Island House, prior to the commencement of this action, except by maintaining the bridge as a rental therefor."

And for evidence tending to show that the plaintiff is entitled to maintain the bridge and the way leading over it, on the ground that it is a way of necessity, or was such when the plaintiff received his grant of the premises in question upon which his hotel is erected.

We conclude that the evidence fairly supports the finding of the referee that the construction of the bridge in question by the plaintiff and its use by him was under a license granted to him by the defendants or their predecessors in interest, which was revocable at their will, and that no right, title, or interest to maintain or use such bridge was acquired by such plaintiff by adverse user under a claim of right adverse to the defendants or their predecessors.

We also conclude that there is no evidence which would justify a finding that the bridge in question or the way leading over the same constituted a way of necessity, either at the time when the grant to the plaintiff was made, or when the license theretofore granted to the plaintiff to erect and maintain such bridge for his purposes was revoked.

It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.  All concur.