### EMPIRE BRIDGE CO. v. LARKIN SOAP CO.

(Supreme Court, Special Term, Erie County.   March, 1908.)

1. EASEMENTS—CREATION—IMPLICATION—WAY OF NECESSITY.
    Where the owner of an estate grants part to another, leaving other lands of the grantor to which he can have access only by passing over the land granted, a way of necessity is reserved in the grant by implication.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, §§ 50–55.]

2. ESTOPPEL—BY DEED—EASEMENT.
    A warranty deed will not estop the grantor from asserting a right to such an easement.

3. EASEMENTS—WAY OF NECESSITY.
    Where the owner of a lot over which another lot has an easement becomes the owner of part of the other lot, he takes it subject to an easement of the remainder for right of access.

4. SAME—TERMINATION.
    An easement of right of access to land is one of strict necessity which terminates when the necessity for it ends.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, §§ 72–76.]

5. SAME—WAY OF NECESSITY.
    Where a tract of land has an easement for a right of way across another tract for the purpose of access, a subdivision and sale of part will not grant a different and additional easement across the other tract.

6. COVENANTS—CONSTRUCTION—GENERAL RULES.
    In interpreting a covenant, the intention is gathered by considering with the clause such surrounding considerations as the parties to it are presumed to have considered.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 20.]

7. DEEDS—CONSTRUCTION—INTENTION OF PARTIES.
    The intention of the parties to a grant is to control in determining its meaning.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 231, 232.]

8. COVENANTS—RIGHT OF WAY—ENFORCEMENT—WHO MAY ENFORCE—PERSON LIABLE.
    Where one grants a parcel of land to which there is no access from the highway save one over lands retained by the grantor, and in the grant covenants that he will provide a right of way to the highway by laying out and dedicating for public use a street or streets to form such right of way, such covenant is enforceable by and against subsequent purchasers from the parties, though the grantor did not expressly covenant except for himself.

9. SAME—CONSTRUCTION—PERFORMANCE—SUFFICIENCY.
    Such covenant does not require that the right of way provided should extend further than the boundary line of the lands granted, so that a subsequent purchaser of an interior part of the granted land cannot in-

sist that the covenanted public right of way shall extend up to his boundary, but must rely on a private right of way over that part of the granted land which he did not acquire.

Bill by the Empire Bridge Company against the Larkin Soap Company. On demurrer to the complaint, demurrer overruled.

Clark H. Timmerman, for defendant.
Charles B. Sears, for plaintiff.

WHEELER, J. The defendant demurs on the alleged ground that the complaint fails to state a cause of action. The action is one in equity, and prays for a decree to enforce the plaintiff's alleged right of way over the defendant's property to a public street. For an understanding of the respective situations of the properties owned by the parties reference must be had to the map attached.

The plaintiff alleges it is the owner of parcel A, and that the defendant is the owner of C and D, and that the plaintiff has no access to any public street except over parcels C and D; that prior to the 1st day of January, 1891, parcels A, C, and D were all owned by Charles A. Sweet; that on January 1, 1891, said Sweet conveyed parcels A and C to one Sidney E. Adams; that parcels A and C did not then nor do they now abut upon any street; that said deed from Sweet to Adams contained a covenant in the following words, to wit:

"The party of the first part agrees that in disposing of the remaining land now owned by him, of which the lands hereby conveyed is a part, that he will provide the right-of-way to Seneca street by laying out and dedicating for public use a street or streets to form or make such right-of-way."

The complaint then alleges that, by divers mesne conveyances, the fee of parcel A became and is now vested in the plaintiff; that by divers mesne conveyances the title to both C and D has become vested in and is now owned by the defendant, and that by virtue of the facts stated the plaintiff is entitled to a right of way from parcel A over parcels C and D to Seneca street; that the defendant has refused to perform and carry out the covenant contained in said deed from Sweet by opening a public street as therein provided or permitting a right of way from lands belonging to the plaintiff to Seneca street. For a second cause of action the plaintiff, in substance, alleges the facts above set forth, and states an alleged right of way by necessity over the defendant's lands to Seneca street. In other words, the plaintiff in his first alleged cause of action asserts a right of way by virtue of the covenant in the deed from Sweet and in the second cause of action a right of way by necessity, independent of any express covenants. The defendant contends that the covenant contained in the deed from Sweet was the personal covenant of Sweet, and did not run with the land so as to entitle the subsequent grantees of Adams to enforce it against his intermediate grantees, and that, if it should be held to run with the land, the right to insist on opening a street was limited to a street stopping at the westerly line of parcel C, and not to a street extending across C to A, and therefore the present owner of A has no right to maintain any action on the covenant. As to the second alleged cause of action, that setting forth a claim of right of way by necessity from parcel A to Seneca street, the defendant contends that, while there might possibly have existed a right from C over D to Seneca street, when the owner of A and C saw fit to divide that tract, deeding A to one party and C to another, a right of way for the benefit of A has been lost which might have existed so long as A and C constituted a single parcel. In the disposition of the questions involved it will be convenient to consider, first, whether independent of the covenant in the deed from Sweet to Adams the complaint alleges facts sufficient to entitle the plaintiff to a right of way by necessity from A over C and D to Seneca street.

We must assume for the purposes of the decision that there exists no access to the street from A except over C and D. There can, we take it, be no question that, when Sweet conveyed A and C to Adams, a right of way by necessity was given to Adams, the grantee, to pass over D to Seneca street. The language of the covenant in the deed quoted appears to recognize such right, because it reads that he (Sweet) "will provide the right of way to Seneca street," etc., thereby assuming such a right to exist. This right of way was an easement in favor of A and C, which ran with the land, and, in turn, passed to Adams' grantees, under well-known rules of law. It now appears that A and C, formerly constituting one parcel, was by subsequent conveyances divided into separate parcels. The complaint does not disclose how or when. The complaint simply alleges that parcel A became the property of the plaintiff and parcel C the property of the defendant. For all that appears in the complaint, Adams may have conveyed parcel C prior to his conveyance of parcel A; and it has been argued that in such case he would have no right to assert a right of way for the

benefit of A over C. In other words, to preserve for the benefit of A and easement over C, it is contended Adams would be required to have expressly reserved such right in his conveyance of C, and, there being no allegation in the complaint of any such reservation and no allegation that A was conveyed prior to the conveyance of C, that, therefore, the complaint fails to show affirmatively any right of way over C or over D for the benefit of A.

So far as this case is concerned, it is immaterial whether A or C was first alienated, for in each case the law imposed an easement on C for the benefit of A. If the owner of an estate grant a portion of it to another, leaving other lands of the grantor to which he can have access only by passing over the land granted, a way of necessity is reserved in the grant by implication. 14 Cyc. 1176; Brigham v. Smith, 4 Gray (Mass.) 197, 64 Am. Dec. 76; Outerbridge v. Phelps, 13 Abb. N. C. 117; McTavish v. Carroll, 7 Md. 352, 61 Am. Dec. 353; Fritz v. Tompkins, 18 Misc. Rep. 514, 41 N. Y. Supp. 985. Even a deed of warranty does not estop the grantor from asserting the right to such an easement. Brigham v. Smith, 4 Gray (Mass.) 297, 64 Am. Dec. 76. This seems to form an exception to the general rule that a grantor is not to be heard to assert any right in derogation of his covenants. We must then assume that the owner of parcel A acquired an easement of access over C, in order to pass from C over D to the street, whether the way over D be by a public street agreed to be laid out in Sweet's deed or by virtue of a private easement for the benefit of the owners of A and C alone. If parcel C, therefore, became subjected to an easement for the benefit of A, any grantee of parcel C took it subject to that easement so long as the necessity for the easement continued to exist. The defendant, by acquiring title to C and uniting it with D in ownership and occupation, took it subject to the burden of the easement, and could not in that manner deprive parcel A of right of access over C. This easement is one of strict necessity, and is terminated whenever the necessity for it ends. I cannot see, therefore, but that the allegations of the complaint make out a case in which a right of way by necessity exists in favor of parcel A over C, and also over D, either by a street to be opened, or, if no street is to be opened under the covenant in the Sweet deed, then by simple right of passage over D.

The case of Tuttle v. Kilroa, 177 Mass. 146, 58 N. E. 682, is quite analogous in its facts to the case now under consideration, and the court held that a right to use a way in the nature of an easement was appurtenant to each and every part isolated or landlocked. Hence, upon the principle enunciated, A has the right to participate in the easement over D equally with parcel C. It is argued by counsel for the defendant that, if such a rule were to prevail, not only would the plaintiff be entitled to a right of way over C to A, but in case A, in turn, should be again subdivided, that each separate subdivision would be entitled to a separate right of way over C to D, and thence to the street. I do not understand that any such consequence would follow. On the contrary, I am of the opinion that the owners of A, no matter into how many parcels it might be subdivided, would be entitled to

but one right of way over C. This probably would involve subsidiary rights of way over certain subdivisions into which A were divided, as between such subdivided parcels. To illustrate: The owner of C, as the owner of the servient estate, would have the right to designate and locate the right of way over C. Suppose, in the exercise of such right, the defendant should lay out and designate a way over parcel C along the Lehigh Valley property shown on the map, and that subsequently the owner of A should sell, and convey the westerly half of it. Such grantee would be entitled to cross C, but only over the way laid out along the Lehigh Valley property, located by the defendant, and to reach that outlet would of necessity have the right to cross the easterly portion of A unconveyed, which, in turn, would thereby be subject to such easement in favor of the westerly part of A. So we think the objections raised of a multiplicity of ways across C are without foundation.

These views as to a right of way by necessity set up in the second cause of action of the complaint bring us to the consideration of the right of action upon the covenant in the Sweet deed set up in the first alleged cause of action. It is argued by the defendant's counsel that the covenant contained in the deed is simply the personal agreement of Charles A. Sweet, the grantor, and as such is not a covenant running with the land, and therefore confers no rights upon the grantees of Adams, who now own parcels A and C. The primary rule for the interpretation of a covenant, as well as of other contracts, is to gather the intention by reading, not simply the clause, but by also considering such surrounding considerations as the parties to the covenant are presumed to have considered. Clark v. Devoe, 124 N. Y. 120, 26 N. E. 275, 21 Am. St. Rep. 652. The intention of the parties to the grant, if discernible, is to control in determining its meaning. Myers v. Bell Telephone Co., 83 App. Div. 625, 82 N. Y. Supp. 83; Cohen v. Cong. Shearith Israel, 85 App. Div. 65, 82 N. Y. Supp. 918. Here we have Sweet granting a parcel of land having no access to any street, and agreeing with his grantee that he would provide the right of way to Seneca street for the property conveyed, by laying out and dedicating a street for public use. It was the manifest intent of both grantor and grantee by such a street to confer a benefit, not simply upon the purchaser, but a benefit upon the land conveyed, by carving out of the land unconveyed the proposed street. The land unconveyed was made the servient estate for the benefit of the parcel sold and deeded. We think it was the clear purpose and intent, when all the surrounding circumstances are considered, to create an easement, and something more than a mere easement for the benefit of Sweet's grantee. The fact that Sweet in his covenant did not covenant for his heirs, grantees, and assigns is not controlling. Dexter v. Beard, 130 N. Y. 558, 29 N. E. 983. But in a proper case, where the intent is manifest, in the absence of such words, the covenant will nevertheless be deemed one running with the land. Dexter v. Beard, 130 N. Y. 558, 29 N. E. 983. In Post v. W. S. R. R. Co., 123 N. Y. 587, 26 N. E. 7, land was conveyed to a railroad company by deed containing a covenant on the part of the grantee to lay out and build a certain road over its tracks,

and it was held that its successor in title became bound by the covenant, and a specific performance of the agreement would be decreed. If the grantee can be held to a performance for the benefit of the grantor, we see no good reason why the grantor or his successor in title may not also be held to the performance of a like covenant for the benefit of the grantee, where such covenant constituted a part of the consideration for the purchase. It is said that the covenant was simply at most to construct a street from Seneca street to the line of parcel C. This is undoubtedly correct, and the decree of this court could go no further than to direct the laying out of a street that distance, leaving simply a private right of way or easement over C to A. In so far as the plaintiff demands more in its prayer for relief, of course, it cannot prevail, but that does not go to defeat the entire cause of action.

For the reasons stated, we are of the opinion that the demurrer to each cause of action should be overruled. Let an interlocutory judgment be entered accordingly, with permission to defendant to withdraw demurrer and answer upon payment of the usual costs of demurrer.