LILLIAN M. VANDERBILT, Respondent, *v.* CITY OF GENEVA, Appellant.

*Negligence — municipal corporation — snow and ice — injuries resulting from fall.*

Appeal from a judgment of the Supreme Court, entered in Ontario county, September 22, 1908, upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes, entered on September 21, 1908, and from an order denying a motion for a new trial upon the ground of newly-discovered evidence, entered the same day.

WILLIAMS, J.: The judgment and orders should be reversed and a new trial granted, with the costs of these appeals to the party finally successful in the action. The action was brought to recover damages for personal injuries alleged to have resulted from defendant's negligence. The plaintiff slipped and fell upon ice on the sidewalk, and claimed to have sustained therefrom such serious injuries that the jury gave her a verdict of $3,500. Without going into details, we think the jury was justified in finding the defendant guilty of negligence which caused the accident, and that the plaintiff was free from contributory negligence. We would not want to reverse upon either of these questions as matter of fact. The troublesome questions arise with reference to the extent of the injuries caused by her fall, that is, whether plaintiff's condition after the accident was the result of the fall, or of a diseased condition existing before that time. To the mind of those not skilled in medical science, it seems as though a fall such as the plaintiff had would hardly result, so soon after, in the condition she was found to be in when the several surgical operations were performed. There was serious controversy as to this question on the trial, and then upon the motion for another trial, on the ground of newly-discovered evidence, further evidence was given in affidavits. I do not think it well to enter upon a discussion of the evidence in detail. I am not satisfied the verdict was right, or that justice was done thereby. I think there should be a new trial, and the defendant should have another chance to submit the case to a jury. All concurred, except Spring and Kruse, JJ., who dissented. Judgment and orders reversed and new trial ordered, with costs to abide event upon questions of law and fact.

———

Empire Bridge Company, Respondent, v. Larkin Soap Company, Appellant. — Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal. All concurred.

D. Dudley Allerton, Respondent, v. The New York, Lackawanna and Western Railway Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Aurelia Lawyer, Respondent, v. Alice E. White and Others, Appellants.— Judgment and order affirmed, with costs. All concurred.

Maggie Hallock, as Administratrix, etc., of Gurney E. Hallock, Deceased, Respondent, v. The New York, Ontario and Western Railway Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except Williams, J.. who dissented.