ARTHUR LOCHTE et al., Respondents, v. ANTHONY CICCARELLI, Appellant.— Judgment modified on the law and facts by adding to the first decretal paragraph the following: "except a private way of necessity through and over the westerly 40 feet of the premises conveyed to plaintiff by deed dated November 28, 1942, and recorded in Monroe County Clerk's office in Liber 2111 of Deeds at Page 223 to the highway known as Edgemere Drive", and adding to the second decretal paragraph the following: "except to pass and re-pass over the westerly 40 feet of that portion of plaintiffs' land lying between defendant's land and Edgemere Drive", and as so modified affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: We are in accord with the disposition of the case made by the Special Term except insofar as defendant is denied a way of necessity over the disputed parcel to Edgemere Drive. Such denial rests solely upon findings that Long Pond is an arm or inlet of Lake Ontario, and is and always has been from time immemorial navigable water. In our view, the evidence establishes that the waters of Long Pond are not now and since prior to the year 1890 have not been a highway for commerce or travel. In this view, defendant is entitled to a private way of necessity through and over the disputed parcel. (*Wells* v. *Garbutt*, 132 N. Y. 430; *Empire Bridge Co.* v. *Larkin Soap Co.*, 59 Misc. 46, affd. 132 App. Div. 943; *Toledo Liberal Shooting Co.* v. *Erie Shooting Club*, 90 F. 680.) The "deep water" cases such as *Moore* v. *Day* (199 App. Div. 76, affd. 235 N. Y. 554), *Bauman* v. *Wagner* (146 App. Div. 191), *Staples* v. *Cornwell* (114 App. Div. 596) and *Burlew* v. *Hunter* (41 App. Div. 148) are clearly distinguishable and are not controlling here. All concur. (The judgment is in favor of plaintiffs in an injunction action.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

In the Matter of the PETITION OF THE MAYOR OF THE CITY OF BUFFALO, under Section 91 of the Railroad Law, for the Reconstruction of the Existing Structure Carrying Babcock Street over the Tracks of the Western New York & Pennsylvania Railroad in the City of Buffalo. PENNSYLVANIA RAILROAD COMPANY et al., Appellants; JOSEPH J. KELLY, as Mayor of the City of Buffalo, et al., Respondents.— Orders affirmed, with costs. All concur. (One order directs the reconstruction of an existing highway bridge over the tracks of the railroad at Babcock St., Buffalo; the second order denies the petition of the railroad company for a rehearing or for an amendment of the record in the proceeding.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

THOMAS M. KEATING, Respondent-Appellant, v. WILLIAM L. CROWE CONSTRUCTION Co., Appellant, and GOETZMAN AND NEWMAN TRUCKING Co., Respondent.— Judgments and order affirmed, with costs. All concur. (One judgment is in favor of plaintiff against defendant Crowe Construction Co. and the other judgment is in favor of defendant trucking company for no cause of action, in a negligence action. The order denies the motion of defendant Crowe Construction Co. for a new trial.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.