■ CLIFFORD McQUINN et al., Appellants, v. FRANCIS D. TANTALO et al., Respondents.— Appeal from a judgment of the Supreme Court, Franklin County, entered upon a decision of the court at Trial Term, without a jury, dismissing plaintiffs' complaint and enjoining them from trespassing upon the defendants' property. The litigants are owners of cottage lots located on the shores of Eagle Lake in the Town of Duane, Franklin County. Appellants seek to establish a right of way across respondents' lot to afford them access to their lot. The trial court held that no easement had been established and the instant appeal ensued. Admittedly appellants do not have an express grant of an easement. They urge, however, that they have an easement by implication. We cannot agree. Two types of implied easements which could conceivably apply here are those in which there was an apparent pre-existing use at the time the common owner severed his land and where the easement is necessary for the proper enjoyment of the land (see generally 17 N. Y. Jur., Easements and Licenses, § 44). The latter is clearly not established here with respect to respondents' property. A way of necessity must be strictly necessary (*Matter of City of New York [Avenue K, Brooklyn]*, 250 App. Div. 137, affd. 274 N. Y. 503) and since appellants' land is accessible by navigable water which the appellants have the right to use, no way of necessity exists (*Moore* v. *Day*, 199 App. Div. 76, affd. 235 N. Y. 554; *Staples* v. *Cornwall*, 114 App. Div. 596, affd. 190 N. Y. 506; see, also, Anno., 9 ALR 3d 600; 17 N. Y. Jur., Easements and Licenses, § 93). Moreover, the former common owner of both lots simultaneously conveyed them to the separate predecessors of the litigants, thus precluding the finding of a way of necessity since to do so would require the declaring of the way across the land of a stranger (*Garvin* v. *State of New York*, 116 Misc. 408; 17 N. Y. Jur., Easements and Licenses, § 88). As

to the easement premised on an apparent pre-existing use, four elements must be established: there must originally have been unitary ownership of the two estates; while unitary ownership existed, the owner must create the use subordinating one estate to the other or create reciprocal subordinations; the use must be plainly and physically apparent on reasonable inspection; and the use must affect the value of the estate benefited and must be necessary to the reasonable enjoyment of that estate (*Cassano* v. *Merriewold Club*, 24 A D 2d 819, affd. 19 N Y 2d 640; *Jacobson* v. *Luzon Lbr. Co.*, 192 Misc. 183, 185–186, affd. 276 App. Div. 787, affd. 300 N. Y. 697; see, also, 17 N. Y. Jur., Easements and Licenses, § 64). The time when these four elements must exist is at the time the unitary owner sells the part or parts affected thereby (*Amalgamated Props.* v. *Oakwood Gardens*, 148 Misc. 426, affd. 238 App. Div. 867; 2 Warren's Weed, New York Real Property, Easements, § 6.05). Unfortunately the evidence in the instant record is anything but clear that the use, in fact, came into existence during the unitary ownership much less being "clear and convincing". Accordingly, the appellants are not entitled to the relief requested. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.