■ WESTOVER SPORTSMAN'S ASSOCIATION, INC., Appellant, v COUNTY OF BROOME, NEW YORK, Respondent.—Judgment, County Court, Broome County, entered May 27, 1975, affirmed, with costs, on the opinion of Smyk, J., at Trial Term. Greenblott, J. P., Kane, Main and Herlihy, JJ., concur; Larkin, J., dissents and votes to modify in the following memorandum. Larkin, J. (dissenting). Plaintiff instituted this action for a declaratory judgment that it had an easement by necessity over certain lands of the defendant and for money damages. In 1967 the defendant, in connection with a Federally funded watershed project, condemned the bulk of a tract of land which had been purchased some 10 years before by plaintiff. The original condemnation maps indicated a fee taking of one parcel and permanent easement takings as to other parcels reserving "to the owner of the said easement parcels, the right and privilege of using this property providing the exercise of such right and privilege does not in the opinion of the Chairman of the Board of Supervisors * * * interfere with or prevent the use and exercise of the rights hereinabove described". It is undisputed that the taking left plaintiff with a remainder of some 28 acres which were landlocked. On April 25, 1967 the parties entered into a stipulation to the effect that the parcels originally mapped for condemnation of permanent easements be taken in fee. No grant of an easement over the parcels was reserved to plaintiff in the stipulation. Negotiations commenced after a judgment of condemnation had been ordered by the Broome County Court culminated in a settlement, the terms of which were contained in a letter agreement dated November 8, 1968. The said agreement, executed by plaintiff's attorney of record in the condemnation proceeding, stated that plaintiff accepted the sum of $34,000 "in full and complete settlement of any and all claims for the real property and improvements which are the subject of the litigation * * * of any, and all claims which they may have against the County of Broome". A warranty deed conveying the appropriated lands to the defendant was executed by plaintiff on November 27, 1968. The deed did not reserve access to the acreage retained by plaintiff. At the trial plaintiff's witnesses testified that throughout the negotiations and discussions concerning the condemnation it was their understanding, based upon alleged communications of defendant's contracting administrator for the watershed project, that physical access at some unspecified location would be provided for the retained acreage. The record is somewhat confusing and vague as to the actual location of the expected access, with there being some testimony that the access would be across the top of the dam built as part of the watershed project and other testimony that there would be additional access by way of the parcels originally designated as permanent easements. Testimony was adduced on behalf of the defendant that no representations of access were ever extended to plaintiff. In concluding that plaintiff had not established its claim for an implied easement by necessity, the trial court found that although plaintiff had demonstrated "unity and subsequent separation of title" and "that the easement is necessary to the beneficial enjoyment of the land retained", it had failed to meet a third requirement: "that before the separation of title occurs, the use giving rise to the easement shall have been continued so long and be so obvious or manifest as to show it was meant to be permanent". In my view, however, the trial court erred in concluding that plaintiff could not establish an implied easement upon severance of title absent proof of existing use. As in McQuinn v Tantalo (41 AD2d 575, mot for lv to app den 32 NY2d 610), absent an express grant of an easement, "Two types of implied easements which could conceivably apply here are those in which there was an apparent pre-

existing use at the time the common owner severed his land and where the easement is necessary for the proper enjoyment of the land". As is stated by the authors of New York Jurisprudence (17 NY Jur, Easements and Licenses, § 87): "Although a way of necessity is sometimes confused with an easement arising, on severance of title, from a pre-existing use, there is a definite distinction between them, mainly because a way of necessity does not rest on a pre-existing use but on the need for a way across the granted or reserved premises". While in the case of the first type of implied easement, that arising from an apparent pre-existing use, an obvious use before the separation of title is necessary (§ 64), an implied easement or "way of necessity arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is entirely surrounded by the land from which it is severed or by this land and the land of strangers" (§ 87). My review of the record persuades me that plaintiff has met its burden of demonstrating that an easement or way of necessity must be strictly essential, as opposed to merely convenient (*Parsons v Johnson,* 68 NY 62). Without an easement over the lands of defendant or of other adjoining property owners, plaintiff's land is completely landlocked. The mere fact that plaintiff conveyed the land over which it seeks the easement by warranty deed does not preclude it from claiming a way of necessity over the land granted (*Empire Bridge Co. v Larkin Soap Co.,* 59 Misc 46, affd 132 App Div 943). Although we find that the letter agreement of November 8, 1968 precludes plaintiff from obtaining monetary relief, as sought in its second cause of action, it does not provide a basis, any more than would the warranty deed, for precluding a claim for an easement by necessity. Because the record is not sufficient to determine the location and extent of a feasible easement for plaintiff, I would remit this matter to the trial court for further consideration to locate and define the easement, taking into account the interests of both parties.