■ FEDERAL INSURANCE COMPANY, as Assignee of SILBELLA S.A. and Others, Plaintiff, v JACK BUSCARELLO & SONS, INC., et al., Defendants. JUAN FERNANDEZ, Third-Party Plaintiff-Respondent, v SILBELLA S.A. et al., Third-Party Defendants, and JOSEPH E. SHEEHAN et al., Third-Party Defendants-Appellants. —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about March 20, 1988, which granted defendant and third-party plaintiff Fernandez a permanent injunction requiring third-party defendants Sheehan to remove or otherwise neutralize the fireplace on the east party wall of the first floor of the premises at 114 East 73rd Street and which granted the third-party plaintiff nominal damages and costs totaling $2,804.87, unanimously affirmed, with costs.

Plaintiff, Federal Insurance Company, originally commenced an action on behalf of the third-party defendants to recover for damage to their premises caused by debris which fell through the flue of their fireplace located on the east wall of their dining room at 114 East 73rd Street, as a result of renovation work being done on the flues of the fireplaces above it in apartments of 116 East 73rd Street located at the other side of the party wall of the premises at 114 East 73rd Street shared with 116 East 73rd Street. That action was settled, but defendant therein, the owner of 116 East 73rd Street, commenced a third-party action against the injured parties in the main action, Mr. and Mrs. Sheehan, for trespass. Essentially it was alleged that the fireplace on the east wall of 114 East 73rd Street encroached on 116 East 73rd Street and constituted a fire hazard.

Third-party plaintiff's main evidence presented at the bench trial was the expert testimony of an architect specializing in the rehabilitation of old buildings. His testimony was that the two adjacent premises in question were part of a development of five such adjacent party wall structures which were built circa 1900, all with chimneys in their interior walls. The expert further stated that the fireplace in question located on the eastern wall of 114 East 73rd Street and tapping into the

chimney on the western wall of 116 East 73rd Street was not of original construction, was not suitable for burning wood, and that judging from the age of the materials, was installed subsequent to 1970. Third-party defendants countered the expert testimony with the deposition testimony of Joseph Sheehan (third-party defendant owner of 114 East 73rd Street), their housekeeper and interior decorator that the Sheehans first moved into the premises pursuant to a lease with the original owner in 1968 and at that time the fireplace in question was installed and operable. The court credited the testimony of the third-party plaintiff's expert, and found that the fireplace in question was installed sometime after 1970 by the third-party defendants.

There is no basis upon which to disturb the court's finding of fact with respect to the preexisting use of the fireplace. That finding was sufficient to support the conclusion that the fireplace which protruded three inches into 116 East 73rd Street was a trespass. (*Ivancic v Olmstead,* 66 NY2d 349, 353.) The court's denial of the third-party defendants' motion to amend their answer to assert a defense that an implied easement was granted by the original owners of both adjacent properties was not an abuse of discretion as the credited evidence did not support such a defense in any event. (*See, McQuinn v Tantalo,* 41 AD2d 575, 576 [in which the elements of that defense are set out].) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.