## In the Matter of WEST 229TH STREET.

Supreme Court, Bronx County, December 20, 1929.

*Harry B. Chambers [Harry H. Chambers* of counsel], for the claimant.

*S. J. Benson, Assistant Corporation Counsel,* for the City of New York.

VALENTE, J. These proceedings in condemnation were tried before Mr. Justice GIBBS. After he had rendered his decision, but before the preparation of the final decree, he died, and a new trial became necessary. The proceedings involve the acquisition of title by the city of New York to a portion of West Two Hundred and Twenty-ninth street, from Heath avenue to Sedgwick avenue. Five damage parcels are involved. The first one, in connection with the valuation of which serious questions of law have been raised, is that portion of the new street from Heath avenue to Kingsbridge terrace. The other four parcels are that portion of the new street from Kingsbridge terrace to Sedgwick avenue.

Parcel No. 1 is 30.08 feet wide and about 229 feet long. On the easterly portion of this parcel there is an old barn, as to which, however, no compensation is sought in the proceeding. The city urges that the owner of parcel No. 1 is only entitled to nominal damages of one dollar, because the abutting owners have private easements to the tract thus acquired; and when a private street, to which abutting property owners have an easement, becomes a public street, the owner of the fee to which such easement is appurtenant is entitled to nothing more than nominal damages. (*Matter of Adams,* 141 N. Y. 297.) The evidence of the existence of an easement upon parcel No. 1 in favor of the abutting owners is as follows:

In 1923 the grantor of the owner of parcel No. 1 conducted an auction sale from a map indicating a layout of lots and streets, and showing thereon parcel No. 1 as a street. The argument based upon such sale is very thin. The map was certified to be a

copy of a map of the city of New York. The map was not a dedication of West Two Hundred and Twenty-ninth street, but a mere repetition or reproduction of the city map, with the same notation as contained in said map, namely, that the street was not legally opened.

As was said in *Matter of Fox St. or East One Hundred and Fiftieth St.* (54 App. Div. 479): " To constitute a valid dedication of land to the public two things are required: The intent of the owner of the land to dedicate it, and an acceptance by the public of the land dedicated, and the act of the latter is just as necessary for the complete legal dedication as the intent of the former." For many years prior to the Barney estate auction sale parcel No. 1 was indicated on the city map as " West 229th Street not legally opened." That might indicate an acceptance, but where is the evidence of the offer or the dedication? The mere publication by the Barney estate of a copy of a city map is no evidence of any dedication.

But the city argues that the claimant herself, by certain conveyances — one made on the 7th day of November, 1925, and the other on January 16, 1929 — has created easements in favor of the purchasers to whom abutting property was conveyed on those dates. The first conveyance was a lot fronting upon the southern line of parcel No. 1 along its westerly half. That conveyance described the property conveyed as " beginning at a point at the intersection of the easterly side of Heath avenue and the southerly side of West 229th street." The latter conveyance was of a plot ' beginning at the corner formed by the intersection of the westerly side of Kingsbridge Terrace * * * with the southern side of West 229th street." This second tract also fronts on the southern line of parcel No. 1 and runs the length of the easterly half. It is, therefore, argued that, since the grantor has conveyed these tracts abutting on parcel No. 1, by distinct reference to West Two Hundred and Twenty-ninth street as a street, and by reference to corners of West Two Hundred and Twenty-ninth street and other streets, she has thus recognized existence of such a street and granted an easement to her grantees upon that street.

A mere reference to the date of the proceeding and to the notations on the damage map rebuts this argument. The damage map was prepared on June 9, 1925, and approved by the board of estimate and apportionment on October 2, 1925. At that time, therefore, it was public knowledge that West Two Hundred and Twenty-ninth street was to be a legally opened street to be acquired by the city. Both conveyances — the one in November, 1925, and the one in January, 1929 — came subsequent to the time

when these plans were well known. The descriptions in these conveyances cannot, therefore, be construed to grant a private easement upon a street which prior thereto was definitely laid out for immediate public improvement, but rather as a convenient use of descriptive landmarks. It may be interesting to note besides that the claim of nominal damage, because of the existence of the private easement, is strangely inconsistent with the city's assessing and presumably collecting taxes on the property up to the very moment of its legal acquisition by the city. In *Matter of Adams* (*supra*), by contrast, as soon as the city filed its map, showing the street which had been dedicated by the owners, no assessment was made or tax levied by the city.

Under the circumstances, therefore, the owner is entitled to substantial compensation, and I fix the amount, after inspecting that parcel, as well as the others involved in the proceeding, at $8,500. As to the other damage parcels, I value No. 2 at $1,610; No. 3, at $5,500; No. 4, at $1,515.60; No. 5, at $3,409.35.

Let the corporation counsel submit a tentative decree.