In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending Avenue K, from Kings Highway to Utica Avenue, and Flatlands Avenue, from Avenue K to East One Hundred and Eighth Street, in the Borough of Brooklyn, City of New York.

MICHAEL HOLZMAN, Claimant, Appellant; THE CITY OF NEW YORK, Respondent.

Second Department, March 1, 1937.

*Max Bloom* [*Abraham L. Doris* with him on the brief], for the appellant.

*Daniel M. Cohen* [*Paul Windels, Corporation Counsel,* and *Paxton Blair* with him on the brief], for the respondent.

PER CURIAM. The only proof offered by the city to justify the nominal award allowed by the final decree is the deed made by claimant to Brooklyn Ash Removal Company, Inc., which conveyed the land abutting the damage parcels by reference to Flatlands avenue. The deed expressly excluded from the conveyance " any interest whatsoever " in and to Flatlands avenue. In our opinion, the reference to Flatlands avenue was merely for the purpose of description and location of the land conveyed and not for the purpose of creating an easement. (*Matter of West 229th Street,* 135 Misc. 710; affd., 235 App. Div. 608; affd., 259 N. Y. 647; *Matter of City of New York* [*East 96th Street*], 243 App. Div. 809; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136.) Whether an easement may be deemed to result is a question of intention which necessarily depends on all the circumstances. (*Matter of City of New York* [*Harrison Ave.*], 267 N. Y. 64; *Matter of City of New York* [*Brigham Street*], 246 App. Div. 819; affd., 273 N. Y. 508; *Matter of City of New York* [*Sedgwick Avenue*], 162 App. Div. 236; modfd., 213 N. Y. 438; *Matter of City of New York* [*E. 177th St.*], 239 id. 119.) The record here shows that no easement was intended to be created by the conveyance of the abutting land, and the exclusion from the grant of " any interest whatsoever " in Flatlands avenue negatives any intent to create an easement over the damage parcels. Nor can it be held that an easement of necessity exists over the damage parcels because the land conveyed is accessible only from Flatlands avenue. Other than the deed, no proof was offered by the city to support such a claim. On the other hand, it appears that the land conveyed is accessible from other streets. The fact that such streets may not be legally opened is immaterial as long as they are in fact available as a means of access. Hence, an easement of access by necessity over the damage parcels may not be deemed to exist. Such an easement " will not be implied unless it is absolutely necessary in order to obtain access to the land for whose benefit it was created. Mere

convenience is not sufficient." (*Matter of City of New York* [*East 96th Street*], 243 App. Div. 809, and cases there cited.)

The order and the final decree, in so far as appealed from, should be reversed on the law and the facts, with costs, motion to reduce the awards allowed in the tentative decree for certain parcels denied, the substantial awards originally made in the tentative decree for claimant's damage parcels Nos. 231, 232, 233 and 243 reinstated, and the proceeding remitted to the Special Term for the making of a final decree incorporating such awards.

LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Order and final decree, in so far as appealed from, reversed on the law and the facts, with costs, motion to reduce the awards allowed in the tentative decree for certain parcels denied, the substantial awards originally made in the tentative decree for claimant's damage parcels 231, 232, 233 and 243 reinstated, and the proceeding remitted to the Special Term for the making of a final decree incorporating such awards.