Philip M. Kleinfeld, J.
Action to enjoin defendants’ interference with plaintiffs’ use of a 20-foot “ lane ” lying south of, and adjacent to, plaintiffs’ premises, and to compel defendants to remove from the “ lane ” a portion of a building constructed by defendants.
Plaintiffs claim an easement of record as well as prescription by user.
The “ lane ” known as “Smith’s Lane,” was part of a 10-acre parcel which was owned by one Kimball in 1845. By deed dated November 10, 1845, Kimball conveyed the 10-acre parcel to one Mackrell by deed containing the following: ‘ ‘ Excepting and reserving to the party of the first part his heirs and assigns 20 feet in width along the northerly boundary of said lot of ground for the purposes of a road to be opened by the said party of the second part his heirs and assigns whenever the said party of the first part his heirs or assigns shall request but said 20 feet to be used for no other purpose except a road or highway.”
This court finds that this language created no easement running with the land. It was no more than a personal covenant by the grantee to open a road upon request by the grantor, his heirs or assigns. (Pulitzer v. Campbell, 146 Misc. 700.) It has been held that 1 ‘ A covenant which the grantor may cancel at will cannot be for the benefit of any one but him.” (Rose v. Jasima Realty Corp., 218 App. Div. 646, 650.) It follows that a covenant which a grantor may impose at will is likewise for the benefit of no one but the grantor. It is obvious that the reservation, at bar, was not in furtherance of a general development scheme which might confer rights on subsequent grantees. It has been held that, absent such general development plan, the grantor’s right to modify restrictions “is to be accepted as conclusively ruling out any claim of rights under the covenants in favor of subsequent grantees of lands from the grantor.” (Lakeshore Club v. Country Club Props., 25 Misc 2d 803, 809, app. dsmd. 12 A D 2d 512.) Again it follows that the effect of the right to impose a restriction may be no less than the right to modify.
The reservation, having been for the personal benefit of the grantor, terminated with his death, whether or not the right of way was maintained by subsequent owners. (Jennings v. Baroff, 104 N. J. Eq. 132.) There is no proof, at bar, that plaintiffs are in privity with the original grantor. The nature and effect of the original reservation was not affected by references in sub *237 sequent deeds. No such deed contained language sufficient to create an easement. (Cf. Matter of City of New York [Ave. K], 250 App. Div. 137, affd. 274 N. Y. 503.) It is not material that the deed from the city to defendant Kramer recited that Smith’s Lane was conveyed “ subject to a private right of way easement.” No such easement having previously existed, it could not be created by such language. Plaintiffs’ authorities, to the effect that the in rem foreclosure could not have cut off an easement, are inapplicable because no easement existed.
The record does not support plaintiffs’ claim of adverse user. It was established that the lane, for at least 25 years, had been barred by sunken upright boilers, protruding about four feet above ground, spaced five feet apart. As for pedestrians, the evidence preponderates that the lane was used for an indefinite number of years by plaintiffs, together with the general public, as a means of access between streets. However, it was used together with other vacant land in the area, and by means of no defined path. Within 15 years prior to defendants’ construction, a previous owner of the lane property maintained dwelling houses in the lane. There is, thus, not sufficient in the record to establish adverse, exclusive and notorious user for the prescriptive period. (Scallon v. Manhattan Ry. Co., 185 N. Y. 359; Belotti v. Bickhardt, 228 N. Y. 296.) There is no basis, at bar, for any claim that the lane became a public highway by prescription since there is no proof ‘ ‘ that the road was kept in repair or taken in charge and adopted by the public authorities ”. (De Haan v. Broad Hollow Estates, 3 A D 2d 848.)
Settle judgment on notice, dismissing the complaint.