■ ROSARIO PAGANO et al., Appellants, v. ABRAM KRAMER et al., Respondents.— In an action to restrain defendants from interfering with plaintiffs' alleged easement and right of way over a 20-foot lane or roadway and to compel defendants to remove such portions of their buildings or other structures which obstruct said right of way, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered July 15, 1965, which dismissed their complaint after a nonjury trial (47 Misc 2d 235). Judgment reversed, on the law and the facts, with costs, and action remitted to the Special Term for the making of an appropriate judgment in accordance with the views expressed herein. Findings of fact contained or implicit in the opinion below, insofar as they may be inconsistent herewith, are reversed and new findings are made as indicated herein. Plaintiffs are the owners of property immediately to the north of a 20-foot lane or roadway known as Smith's Lane and claim an easement therein both by grant and by prescription. The lane was part of a 10-acre parcel which was conveyed by Elijah Kimball and his wife by deed dated November 10, 1845. The deed contained the following provision: "Excepting and reserving to the party of the first part his heirs and assigns 20 feet in width along the northerly boundary of said lot of ground for the purpose of a road to be opened by the said party of the second part his heirs and assigns whenever the said

party of the first part his heirs or assigns shall request but said 20 feet to be used for no other purpose except a road or highway." There was no proof that the grantors owned any other property in the vicinity subsequent to that conveyance or that the quoted provision was in furtherance of any general development scheme or that plaintiffs are in privity with those grantors. We are in agreement with the Special Term, therefore, that the provision above set forth was merely a personal covenant for the benefit of the grantors, which is not enforcible by plaintiffs (cf. *Korn* v. *Campbell*, 192 N. Y. 490, 495–496; *Antonopulos* v. *Postal Tel. Cable Co.*, 261 App. Div. 564, 568–569, affd. 287 N. Y. 712; *Tuscarora Club* v. *Brown*, 215 N. Y. 543; *Matter of City of Buffalo*, 65 Misc. 636, 639). We hold, however, that plaintiffs established a prescriptive right to the use of a walk 63 feet in length and 4 feet in width over the northerly side of Smith's Lane and immediately adjacent to the southerly side of their property. We find that such a walk had been constructed by plaintiffs' predecessor in title when their house was built in or about the year 1927 and that there had been open, notorious, hostile and uninterrupted use of the walk since then. We find, also, that plaintiffs, since their acquisition of the property in 1945, had maintained and repaired the walk; and that such acts by plaintiffs and their predecessors in title indicated a use separate and exclusive from the general use. It is our opinion, therefore, that plaintiffs acquired an easement by prescription to the four-foot strip alongside their property (cf. *Belotti* v. *Bickhardt*, 228 N. Y. 296, 302; *Pirman* v. *Confer*, 273 N. Y. 357, 363; *Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505, 512). Plaintiffs are entitled, accordingly, to judgment that they have a permanent easement over a walk four feet in width and 63 feet in length over the northerly side of Smith's Lane, immediately adjacent to their property; that defendants be directed to remove any obstructions to said strip which they may have placed thereon; and that defendants be enjoined from blocking said strip and from interfering with plaintiffs' use thereof. Christ, Acting P. J., Brennan, Hill and Hopkins, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: In my opinion the proof did not establish a private easement by prescription, in plaintiffs' favor, over the four-foot wide walk alongside their property, because there was no sufficient showing of *exclusive* adverse use by them before 1963, when they fenced in that walk; and their *exclusive* adverse use thus has lasted far less than the required 10 years (see Real Property Actions and Proceedings Law, § 311; *Scallon* v. *Manhattan Ry. Co.*, 185 N. Y. 359, 363; *Belotti* v. *Bickhardt*, 228 N. Y. 296, 302). Nor was that walk a public highway by prescription before 1963, even though it was then used by the general public, since it was not "kept in repair or taken in charge and adopted by the public authorities" (*De Haan* v. *Broad Hollow Estates*, 3 A D 2d 848). If it were assumed *arguendo* that there was an easement, it would have been extinguished by the tax lien sale through which defendant Kramer acquired title. This is so because the sale was for taxes for the years 1899 to 1909 and the walk was not built until 1927. The tax liens thus antedated whatever easement might have been so created; and an easement survives a tax lien sale only if it was in existence when the tax lien was established (*Tax Lien Co.* v. *Schultze*, 213 N. Y. 9, 12; *Wilkinson* v. *Nassau Shores*, 1 Misc 2d 917, 924, affd. 278 App. Div. 970, mod. on other ground 304 N. Y. 614; *Loening* v. *Red Spring Land Co.*, 198 Misc. 151, 153, affd. 277 App. Div. 1050). I also think plaintiffs' laches bars any right to relief they may have. Defendants started to excavate on April 30, 1964 and their buildings were enclosed on May 24, 1964. Yet plaintiffs did not start this action until July 29, 1964. Clearly, there was a substantial change in defendants' position during the period of plaintiffs' inaction.